# CHARLESTON.

## SEBORN v. BECKWITH.

Submitted January 20, 1888.—Decided February 11, 1888.

1. STATUTE OF LIMITATIONS—PLEADING THE STATUTE.

The statute of limitations, to be of any avail to the defendant in a suit, must be pleaded, or otherwise relied upon. (p. 778.)

2. TRUSTS AND TRUSTEES—MARRIED WOMAN.

If a deed to a trustee to hold property for the sole and separate use of a married woman, does not, expressly or by necessary implication, authorize the trustee to sell or incumber the trust subject, any deed or mortgage executed by him conveying the property, or placing an incumbrance upon it, will be void. (p. 778.)

3. MARRIED WOMAN—PROMISSORY NOTES.

If a person, for a married woman, borrows money, and executes a note therefor to the lender, and signs his own name thereto, designating himself as trustee for her, she will not be bound by such note. (p. 778.)

4. MARRIED WOMAN—PROMISSORY NOTES.

And in such case, if the party so designates himself as her trustee, when in fact he is not, and so borrows the money, and with it pays the purchase-money notes executed for purchase-money for her separate estate, the lender of the money can not charge her separate estate for the payment thereof, although she may have requested the party to borrow the money for that purpose. (p. 778.)

5. AMENDMENT—PLEADING.

A party, under the privilege of amending, can not introduce new matter which would make an entirely new suit for a different pur-

pose, and contradicting the grounds for relief set up in his original bill. (p. 779.)

*W. G. Bennett* for appellant.

*F. A. Seborn* for appellee.

JOHNSON, PRESIDENT:

In 1875, the plaintiff, F. A. Seborn, executor of the last will of Willian Crabtree, filed his bill in the Circuit Court of Upshur county, against Eli B. Beckwith, and Sarah A., his wife; A. C. Howard; Charles Bayne; John S. Fisher; George W. Howard, in his own right; Walter B. Brooks, assignee in bankruptcy of George W. Howard, bankrupt; George W. Howard, John H. Cole, and Henry F. Sherman, late partners as Howard, Cole &c. Co., bankrupts; and James Buckingham, assignee of Eli B. Beckwith, bankrupt.

The bill alleges that on the 20th day of July, 1860, John S. Fisher, in consideration of $2,200.00, payable out of the separate estate of said Sarah A. Beckwith, payable in three payments of $723.33⅓ each, in 18, 27, and 36 months each from 23d day of August, 1859, conveyed, with convenants of general warranty, to said Charles Bayne, as trustee of said Sarah A. Beckwith, 1,420 acres 3 roods and 9 poles of land in said county; and exhibits a copy of the deed; that on the —— day of ——, John S. Fisher was paid, in full, said purchase-money out of the separate estate of said Sarah A. Beckwith; that, by an order made by the Circuit Court of Upshur county on the —— day of ——, A. C. Howard was appointed a trustee for Sarah, in the room of Charles Bayne; and exhibits a copy of said order; that on the 20th day of February, 1865, said A. C. Howard, as trustee of said Sarah, and at her request, and for her sole benefit, executed his note for $2,750.00 to said William Crabtree, by which, one year after date, he promised to pay to said Crabtree the said sum, with interest from date; that on the 18th day of May, 1865, the order appointing said Howard trustee was made; that the interest on said note was paid to said Crabtree to the 20th day of February, 1869; that on the 5th day of February, 1870, said Howard, as said trustee, at the request of said Sarah A. Beckwith, and for her sole use and benefit, in consideration of said Crabtree, at the request of said Sarah, extended the

time of the payment of said note until the 1st day of August, 1870, executed a mortgage to said Crabtree on said land to secure the payment of said note. A copy of the mortgage is also exhibited. It then sets up a claim of said assignee in bankruptcy of Howard, Cole & Co. against said Eli B. and Sarah Beckwith, amounting to over $5,000.00.

The bill denies that said Sarah signed said note, the evidence of said claim. It alleges that said assignee instituted proceedings in chancery on attachment, to subject said land to the payment of said claim. It alleges the death of Crabtree, and the appointment of plaintiff by the will of said Crabtree; that said will was probated in Upshur county, and that in said county he qualified as executor; and exhibits the will and probate, with a copy of his qualification as executor. It alleges that, at the time of the execution of the said mortgage, the legal title to said land was in A. C. Howard, trustee; that Sarah A. Beckwith was the equitable owner thereof. The bill "further says that said note, executed to said William Crabtree as aforesaid, and said mortgage, are both founded on valuable consideration, and were not made, nor was either of them, with intent to hinder, delay, or defraud the creditors of either said Eli B. Beckwith, or of Sarah A. Beckwith, or any other person or persons;" that said mortgage is a lien upon said tract of land, and has priority over said claim of said assignee, and that said note to said Howard, Cole & Co. is not a charge on said land. The bill prays that said land be sold, and the proceeds applied to the payment of said mortgage, and for general relief.

The defendant, Sarah A. Beckwith, denies that Charles Bayne was by any proper proceeding removed from his trusteeship. She denies that A. C. Howard, as her trustee, at her request, and for her sole use and benefit, executed his note to said Crabtree for said sum of $2,750.00. She denies that she paid any interest on said note. She denies that she ever executed a mortgage on her land to William Crabtree; and also denies that A. C. Howard, as her trustee, had any authority from her to execute such mortgage. She denies that she is at all indebted to the estate of William Crabtree, and denies that such executor holds any lien on her land, or that anything Howard did could create a lien on her land.

The plaintiff filed an amended bill, in which he sought to show Sarah A. Beckwith had no separate estate, and to repudiate the grounds set up in the original bill; and alleges the said deed to Bayne, as trustee for Sarah A. Beckwith, was made in fraud of the creditors of Eli B. Beckwith, and that Crabtree furnished the money which was paid to Fisher to take up the notes of Eli B. Beckwith for the purchase-money; and prayed that he might be subrogated to the rights of Fisher, and sell said land to pay the purchase-money.

Depositions were taken, which clearly show that the money was borrowed of Crabtree by Howard, the brother of Mrs. Beckwith, and by Mrs. Beckwith's consent, and the notes signed by Howard, as trustee for Mrs. Beckwith, before he had been appointed trustee; the money taken to West Virginia, and the purchase-money notes taken up from Fisher, and thus for the benefit of Mrs. Beckwith, and at her request; the purchase-money lien discharged.

And to have further extension of time on the $2,750.00 note to Crabtree, at the request of Sarah A. Beckwith, and by her consent, her trustee, who had been appointed, and was clothed with the legal title, executed the mortgage to Crabtree to secure the payment of said note.

The several causes were heard together on the 23d of February, 1885, and the bill in the case of *Brooks, Assignee etc.*, v. *Sarah A. Beckwith* was dismissed; and in this cause it was "adjudged, ordered, and decreed that the mortgage deed, dated the 5th day of February, 1870, executed by A. C. Howard, as trustee for Sarah A. Beckwith, to William Crabtree, is void, and does not constitute a lien upon the tract of 1,420 acres 3 roods and 9 poles of land hereinafter mentioned. It is further adjudged, ordered, and decreed that there is due to F. A. Seborn, executor of William Crabtree, deceased, the plaintiff in the third-named cause, the sum of $5,390.00, with interest from the 23d day of February, 1885, and the costs of the third-named cause, which are here adjudged to the said plaintiff; which debt, interest, and costs constitute a charge upon the said tract. * * * But, as said debt was contracted by Sarah A. Beckwith while she was a married woman, the tract of land is not subject to sale for the payment

of said debt, but the said tract of land should be rented until the rents arising therefrom shall satisfy said debt, interest, and costs; and the decree proceeded to appoint a commissioner to rent the said property. From this decree Sarah A. Beckwith appealed.

The first error assigned is that the claim of the plaintiff was barred by the statute of limitations. There is nothing in the assignment. The statute of limitations was not pleaded, nor in any manner relied on.

The court held the mortgage void. This was proper, because the deed conveying the property to the trustee neither expressly nor by implication authorized the trustee to sell the property. The trustee can only do with trust property what the deed, either in express terms or by necessary implication, authorizes him to do. *Munday* v. *Vawter*, 3 Gratt. 494; *Heth* v. *Railroad Co.*, 4 Gratt. 482. If a trustee, merely holding the legal title to property for the sole and separate use of a married woman, could sell or incumber it, without express or implied authority in the deed, the honesty of the trustee would be the only security the woman would have that her property should not be wasted.

But it is insisted that, if the mortgage was not valid, the money being paid to take up purchase-money notes given for the purchase-money of her property, it constitutes a charge upon her separate estate. She certainly was not bound for the note executed by her brother, A. O. Howard, to William Crabtree. She did not sign the note. It was signed, "A. O. Howard, trustee for Sarah Ann Beckwith, wife of Eli B. Beckwith." This was not Mrs. Beckwith's note, and at that time Howard was not her trustee. But it is said the money was paid for her benefit. I think that clearly appears from the record; but it must be remembered that the mortgage was not given till about five years after this, so Crabtree could not have been expecting to charge the land. There was no privity of contract between Crabtree and Mrs. Beckwith. She had no dealings with him except what were had through her brother. He let her brother have the money. The brother, probably, if he had paid Crabtree, could have proceeded against the separate estate of Mrs. Beckwith; but Crabtree could not. The money was

borrowed from Crabtree by A. C. Howard, and Howard used it in paying off a lien for purchase-money on his sister's property.

It was error to hold the said debt was a charge on the separate estate of Mrs. Beckwith. But an amended bill was filed, setting up the fact that Eli B. Beckwith was largely in debt when the deed was made to his wife, and that it was made to defraud creditors, and was void; therefore she had no separate estate, and, as the money went to pay off the purchase-money, he should be subrogated to the rights of Fisher, the vendor, to his lien for said purchase-money. A party, under the privilege of amending, is not to introduce new matter which would constitute a new bill. *Piercy* v. *Beckett,* 15 W. Va. 444. This is an entire new bill, and denies *in toto* the ground for relief set up in the original bill. This bill ought to have been dismissed.

There was no suggestion of the death of Eli B. Beckwith. Counsel, in the record, agree that he died in 1881. As we have already held that Crabtree's estate could not charge the land of Sarah A. Beckwith with the payment of the note for $2,750.00, it is not necessary to consider the question raised as to whether the property of the wife could be rented beyond the life of her husband to pay a debt contracted during the marriage.

The decree of the Circuit Court is reversed, and the bill dismissed.

REVERSED.