# CHARLESTON.

## A. R. CARTER *v.* ELAH CARTER.

Submitted October 12, 1920.   Decided October 19, 1920.

1. HUSBAND AND WIFE—*Conveyance by Trustee Held to Create Joint Estate in Husband and Wife, with Right of Survivorship.*

    While one to whom land is conveyed as trustee, without authority given, has no power to sell or encumber the land, yet where the deed to the trustee by preamble expresses the desire that the grantors, husband and wife, should become joint owners of the land, and the trustee on the same day and as a part of the same transaction does reconvey the property to them with a provision manifestly intended to create in them a joint estate with right of survivorship, and the same is accepted by the grantees, the deed will be given the effect expressed and as evidencing the grantees' interpretation of the contract between them.  (p. 255).

2. SAME—*Heir of Joint Tenant First Dying Held to Inherit No Part of Land.*

    An heir of the grantee in such deed first dying inherits no part of the land so invested in the joint tenants and has no right to a partition of the property conveyed.  (p. 255).

    (WILLIAMS, PRESIDENT, absent.)

Appeal from Circuit Court, Cabell County.

Suit by A. R. Carter against Elah Carter.  Decree for defendant, and plaintiff appeals.

*Affirmed.*

*H. H. Darnall, F. W. Riggs* and *C. E. Copen,* for appellant, *Marcum & Shepherd* and *J. W. Perry,* for appellee.

MILLER, JUDGE:

In a suit for partition of a certain house and lot in the city of Huntington, the court below dismissed the bill, and plaintiff has appealed.

Plaintiff is the father-in-law of defendant and the sole heir

of his deceased son, Angus R. Carter, Jr., who was the husband
of the defendant, and died intestate.

. The basis of plaintiff's claim of right to partition is that
during the life time of said decedent, he and the defendant,
his wife, joined in a deed to J. W. Perry, trustee, conveying
to him said lot, with covenants of general warranty, without
condition or limitation, and without any specific power there-
by created, except as implied in the recital therein, as follows:

"Witnesseth: That whereas, the property hereinafter men-
tioned and described is now in the name of Angus R. Carter,
Jr., and the said Angus R. Carter, Jr., desiring that he and
his wife, Elah Carter, should be and become joint owners in
and to the property above referred to, and to *come* equal owner
therein. Now, therefore, this deed witnesseth;" etc.

. On the same day and contemporaneously with the making,
execution and delivery of the said first deed, said J. W. Perry,
trustee, made, executed and delivered to said Angus R. Carter,
Jr., and Elah Carter, a deed, whereby in consideration of one
dollar and other valuable consideration, the said grantor, trus-
tee, thereby granted unto said grantees, the said lot, which deed
contains the following:

'It is expressly understood that if the said Angus R. Carter,
Jr., should die before his wife, Elah Carter, dies, that then
the entire estate in and to the said property shall be and be-
come the sole property of the said Elah Carter; that if the
said Elah Carter should die before her husband, Angus R.
Carter, Jr., should die, then the entire estate in fee simple in
and to the said property, should be and become the sole prop-
erty of the said Angus R. Carter, Jr. And the said party of
the first part doth hereby covenant with the parties of the
second part, that he will warrant generally the title to the
property hereby conveyed."

At common law there was right of suvivorship in joint
tenants, but section 18, chapter 71 of the Code, abolishes such
right, unless, as provided in section 19 thereof, it is made to
appear from the tenor of the instrument that it was intended
that the part of the one dying first should then belong to the
others. It is conceded by both parties that the two deeds, being

parts of one and the same transaction, should be read and considered together; but because the deed from Carter and wife to Perry, trustee, does not specifically create in him power to reconvey to the grantors subject to any conditions or limitations except such as may be implied from the preamble in the deed, he was without power in his deed to create in his grantees a joint tenancy with right of survivorship; and for this proposition we are referred to, *Seborn* v. *Beckwith,* 30 W. Va. 774; *Fidelity Co.* v. *Railroad Co.,* 32 W. Va. 244, 265; *Atkinson* v. *Beckett,* 34 W. Va. 584; and other authorities holding in general terms that a naked trustee to hold property in trust, has no implied power to sell or encumber the trust subject. There is no doubt about this proposition. But here we have a deed from the beneficiaries of the trust, with a recital implying an intention to create a joint tenancy in the property, which at common law would have created in them the right of survivorship. In an effort to effectuate their purposes, and manifestly with reference to the provisions of section 19 of said chapter 71, we must say, in construing the two deeds together, that they procured Perry, their trustee, to grant the property to them in such a way as to give right of survivorship in them. They accepted this deed and placed it upon record, and took and held the property thereunder. That deed must be regarded as their interpretation of the contract, and if good to invest title in them, evinces their intention in the premises. The plaintiff, therefore, as sole heir took no estate in the property entitling him to partition thereof; no estate in the land descended to him. By accepting a deed poll, the grantee is bound by the covenants or conditions; he takes the estate created with the burdens imposed. 2 Minor's Inst. 666-7; *Crawford's Ex'or* v. *Patterson,* 11 Gratt. 364, 370; *Vanmeter's Ex'ors* v. *Vanmeters,* 3 Gratt. 148; 2 Devlin on Deeds, §§ 850a, 940a; 18 C. J. p. 217, § 128, and cases cited in note.

For these reasons we must affirm the decree.

*Affirmed.*