# WHEELING.

McFarland & Steele vs. Ætna Fire and Marine Insurance Company.

1873.
June Term.

A. B. McFarland and John A. Steele, partners under the firm name of McFarland & Steele, Plaintiffs in the action and Defendants in error *against* The Ætna Fire and Marine Insurance Company, Defendant in the action and Plaintiff in error.

Decided July 15th, 1873.

### Syllabus.

1. The action mentioned in the condition of a policy of insurance, which must be commenced within six months, is the one which is prosecuted to judgment. The failure of a previous action, from any cause, cannot alter the case; although such previous action was commenced within the period prescribed.

2. A provision in a policy, that no action for loss or damage shall be sustainable, unlesss the same is brought within six months after the loss or damage shall occur, is valid.

3. The mere pendency of negotiations, or the fact that occasional interviews are had between the parties in regard to an adjustment or settlement of a loss, will not in themselves operate as a waiver of such provision, or be an equitable estoppel.

The case is stated in the opinion of the Court.

*Wheat* for Plaintiff in error.

*Boggess* and *Sands* for Defendants in error.

PAULL, Judge.

In this case, the action is the same and by the same Plaintiffs as in the case against the Peabody Insurance Company, heretofore decided.

The policy is the same in its provisions, and the same questions arise in regard to the provision of limitation, and of waiver, as were presented and decided in the latter case. The insurance here is upon the same property, and the loss occasioned by the same fire.

There is in the present case however no question arising upon an alleged breach of warranty. In this case also, as in the former, an action had been brought by the Plaintiffs within the six months limited by the policy; but the summons and action here were abated by a judgment of the Court, and the Plaintiffs suggest that they are entitled to the benefit of the 19 sec. of Chap. 104, of the Code of West Virginia, prescribing the limitations of suits. This section provides that where an action has been brought in due time, but for certain reasons therein specified should abate, or the judgment be arrested or reversed, on a ground which does not preclude a new action for the same cause, such action may be brought within one year after such abatement, arrest or reversal of judgment &c. It is sufficient to say in regard to this suggestion, that the six months limitation is the contract of the parties, and by this contract their rights in this

1873;
June/Term.

McFarland &
Steele
v.
Ætna Fire
and Marine
Insurance.Co:

respect must be governed; consequently the statute of limitations is not the rule by which they are to be determined.

This question has been expressly decided by the Supreme Court of the United States in the case of Riddlesbarger *vs.* Hartford Insurance Company, 7 Wall. 386. In this case the parties claimed the benefit of a similar provision in the statutes of Missouri. The Court says, however; "In the second place the rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and as a consequence from its exceptions also. The action mentioned, which must be commenced within the twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any cause cannot alter the case. The contract declares that an action shall not be sustained, unless *such* action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of a failure of an action commenced, and the Court cannot insert one without changing the contract."

The evidence in this case, as to the waiver, is the same as in the case against the Peabody Insurance Company. For the reasons expressed in the opinion in that case, the limitation clause in the policy here, is held to be valid, and that there was no waiver of the same by the Company.

The judgment in this case is reversed, with costs to the Defendant; and this Court, proceeding to render such judgment as the Court below should have rendered, doth adjudge that the matter aforesaid so shewn in evidence to the jury by the said Plaintiffs is not sufficient in law to maintain the said issues on the part of the Plaintiffs, and that the said Defendant is not bound by the law of the land to answer the same; whereof, for want of sufficient matter in that behalf to the said jury shewn in evidence, the said Plaintiffs are barred from

1873.
June Term.

McFarland &
Steele
v.
Ætna Fire
and Marine
Insurance Co.

having or maintaining their aforesaid action thereof against it, and that said Defendant go thereof without day, and recover from the said Plaintiffs their costs about their defence in the Circuit Court expended.

HAYMOND, President, HOFFMAN and MOORE, Judges, concur in the foregoing opinion.