# CHARLESTON.

### LAMBERT *v.* ENSIGN MANUF'G CO.

Submitted September 15, 1896—Decided December 16, 1896.

1. STATUTORY ACTION—DEATH BY WRONGFUL ACT—STATUTE OF LIMITATIONS.

    Chapter 103 of the Code (sections 5, 6, p. 725, Ed. 1891) is the West Virginia Lord Campbell's act, creating a cause of action where none existed at common law for wrongfully causing the death of a person; and the proviso that any such action shall be commenced within two years after the death of such deceased person is an essential restraining element of the right of action given.

2. PROCESS—WRIT—RETURN DAY OF WRIT.

    The process in this state to commence a suit is a writ commanding the officer to whom it is directed to summon the defendant to answer the bill or action, and must be returnable within ninety days after its date to the court on the first day of the term, or in the clerk's office to the first Monday in a month, or to some rule day; and if, at the return day of any process, it be not returned, an *alias, etc.*, may be issued, *etc.*

3. COMMENCEMENT OF ACTION—WRIT—*Prima Facie* EVIDENCE.

    The suing out of the writ of summons is the commencement of the action; but the date of the writ is not conclusive, but is *prima facie* evidence of the commencement of the action.

4. WRIT—RECORD—OYER.

    The writ is never a part of the record in an action except to sustain the judgment or proceeding, unless made so by being read on oyer craved.

5. DEMURRER—WRIT—STATUTE OF LIMITATION.

    A demurrer never reaches the writ unless it is made a part of the record, and not then for matter of abatement; but, when made a part of the record, the writ may be looked to on demurrer as showing the fact of the time when the action was commenced; and when commencing the action within a given time is made an essential element of the right to sue absolutely, and without any qualification or saving for a cause of action created by a statute, and the facts thus appearing from the writ and dec-

laration show that the action was not commenced within the two years (the time prescribed) no right of action arises out of the facts averred, and the court, on demurrer, should consider the declaration as not sufficient in law.

6. APPEAL—NEW TRIAL.

By the Code of West Virginia (see clause 9, s. 1, c. 135, p. 848, (Ed. 1891) an appeal may be taken from an order granting a new trial without waiting for the new trial to be had.

.7 VERDICT—NEW TRIAL.

An error of law committed by the court in overruling a demurrer by defendant to plaintiff's declaration, such as stated above, is sufficient ground for the trial court for setting aside the verdict, and awarding a new trial.

EUSTACE GIBSON, ST. PIERRE GIBSON and E. S. DOOLITTLE for plaintiff in error, cited 4 Min. Inst. (Part. 1) pp. 837-38; 2 Gratt. 19; 22 Gratt. 192, 712, 568-89; 39 W. Va. 658; Code, c. 131, s. 9; 2 Gratt. 19; 12 W Va. 116; 2 Bart. L. Prac. p. 726; 26 W. Va. 340; 32 W. Va. 487; 37 W. Va. 38; 16 W. Va. 307; 31 W. Va. 428; 33 W. Va. 319; 36 W. Va. 757; 4 Min. Inst. §§ 608, 756; Cooley, Torts, p. 653; Code, c. 135, s. 26; 33 W. Va. 135; 14 Am. & Eng. Enc. Law, 894; 7 Am. & Eng. Enc. Law, 825; 40 W. Va. 675; 39 W. Va. 366; 36 W. Va. 329; Code, c. 103, s. 6; Code, c. 125, ss. 15, 16; 1 Bart. L. Prac. p. 84; 2 Tuck. Comm. 151, 157; Code, c. 104, s. 19.

SIMMS & ENSLOW and HERBERT FITZPATRICK for defendant in error, cited 60 N. W. Rep. 651; 24 S. E. Rep. 615; Bigelow, Torts, p. 330; 146 Mass. 182; 149 Mass. 258; 151 Mass. 85; 24 S. E. Rep. 644; 38 W. Va. 206; 36 W. Va. 232; 35 W. Va. 492; Code, c. 131, s. 5; 31 W. Va. 428; 39 W. Va. 415; 37 W. Va. 38; 23 W. Va. 229; 106 N. C. 205; 37 Pac. 689; 51 Wis. 603; 41 Ind. 48; 32 Ind. 113; 94 N. C. 525; Death by Wrongful Act, Tiffany, § 121; Code, c. 103, s. 6; 106 U. S. 259.

HOLT, PRESIDENT:

On writ of error to a judgment of the Circuit Court of Cabell county rendered on the 26th day of March, 1896, against the Ensign Company, under section 5 of chapter 103 of the Code (our Lord Campbell's act) for negligently causing the death of the infant Volney C. Lambert. The

young man, Volney C. Lambert, aged fourteen years, was an employe working in the shops of defendant as a nut capper, and on the 16th day of November, 1892, was caught in a belt which ran his machine, and was thereby killed, and plaintiff avers in his declaration that the death was caused by the wrongful neglect of defendant in permitting said nut cutting machine to become and remain in a wholly defective and dangerous condition, and out of repair, *etc.* On the 18th day of March, 1896, the defendant company appeared, and craved oyer of the writ, and the same, with return was read to him, in the words and figures following, to wit, *etc.*, whereby the writ became a part of the record, showing that this action was commenced on the 24th day of January, 1895, and the averment in plaintiff's declaration' was that the death of Volney C. Lambert was caused on the 16th day of November, 1892; and thereupon the defendant demurred to plaintiff's declaration, in which the plaintiff joined, and the court, having duly considered the questions of law arising on the demurrer, was of opinion that the law was for the plaintiff, and overruled the demurrer. The defendant entered the plea of not guilty, on which issue was joined, which was tried by a jury, who found for plaintiff, and assessed the damages at five thousand dollars, and, on motion of defendant, the verdict was set aside, and a new trial was awarded. At this stage of the case an appeal was taken for error in setting aside verdict if error is made to appear, (see clause 9, s. 1, c. 135, p. 848, Code 1891); and, if overruling the demurrer was wrong, then the verdict was properly set aside for that reason.

The statute says at its close: "Provided, that every such action shall be commenced within two years after the death of such deceased person." Here the declaration avers the death to have been caused on the 16th November, 1892, and the writ shows that the action was commenced on the 24th day of January, 1895. The process in this state to commence a suit is a writ commanding the officer to whom it is directed to summon the defendant to answer the bill or action (see section 5, chapter 124) and must be returnable within ninety days after its date to the court on the first day of the term, or in the clerk's office to the first Monday

in a month or to some rule day, and if, at the return day of any process, it be not returned, an *alias* may be issued, *etc.* (see sections 2, 3, chapter 124). The suing out of the writ of summons in an action at law is, in this state, the commencement of the action; but the date of the writ is not conclusive, but is *prima facie* evidence of the date of the commencement of the action. As to when an action is deemed to be commenced, see *Ross* v. *Luther*, 4 Cow. 158 (15 Am. Dec. 341) and notes page 344. The writ is never a part of the record, unless made so on oyer, where the defendant has appeared; but the writ may be looked to, to sustain the proceedings which are sought to be reversed. See *Stephens* v. *White*, 2 Wash. (Va.) 212; *Hickman* v. *Larkey*, 6 Gratt. 210, and cases cited in 4 Minor, Inst. pt. 1, p. 658. But, when oyer of the writ is craved, it becomes a part of the record of the suit for certain purposes, as, for example, to show when the action was commenced. But a demurrer never reaches the writ unless it be made a part of the record of the action; and not then for any matter of abatement, but it may be looked to on demurrer in order to show when the action was commenced.

It is true that a statute of limitations, pure and simple, which bars the remedy only, and thereby and to that extent destroys the right, the defendant must set up and rely on, by way of plea, before he can have the benefit of such bar. *Riddle* v. *McGinnis*, 22 W. Va. 253, 275; *Seborn* v. *Beckwith*, 30 W. Va. 774 (5 S. E. 450); 1 Bart. Law Prac. p. 84, § 30; 4 Minor, Inst. pt. 1, pp. 719, 692; 1 Wood, Lim. pp. 25, 27, § 7, notes. And this has been settled law in actions at law for more than two hundred years. See *Puckle* v. *Moor* (1672) Vent. 191; *Gould* v. *Johnson* (1702) 2 Ld. Raym. 838. And the reasons generally given are that it is personal, and may be waived, and must be pleaded, or in some way be shown to be relied on, and that it can not be reached at common law by a demurrer, because the pleader makes out his case as far as he needs at first to go, without withdrawing it from saving clauses, or setting up matters in confession and avoidance of the statutory bar. It will be time enough to do this by replication if defendant sees fit to plead the statute, which often he does not wish or intend to do.

But here the cause of action did not exist at common law, but is created by statute. The bringing of the suit within two years from the death of the person whose death has been caused by wrongful act is made an essential element of the right to sue, and it must be accepted in all respects as the statute gives it. And it is made absolute, without saving or qualification of any kind whatever. There is no opening for explanation or excuse. Therefore, strictly speaking, it is not a statute of limitation. See *The Harrisburg,* 119 U. S. 199, 214 (7 Sup. Ct. 140); 13 Am. & Eng. Enc. Law, 689, notes; *Taylor* v. *Coal Co.* 94 N. C. 525; Tiff. Death Wrongf. Act, §§ 120, 121. The plea on the part of the defendant would have been: "The plaintiff's cause of action did not accrue within two years next before the bringing of the suit, and this he is ready to verify." But plaintiff could not meet it by confession and avoidance, but only by denial by way of general replication. The demurrer says that the facts as they appear by the writ and declaration are not sufficient in law. So that in both modes it may be matter of fact to be determined by the court by inspection of the record, supposing the proof of the time of the death to correspond, as in this case it does, with the averment in the declaration. Therefore the defendant may take advantage of it by way of demurrer, as was done in this case, and as may be done in equity. *Jackson* v. *Hull,* 21 W. Va. 601. See *Howell* v. *Howell,* 15 Wis. 55; *George* v. *Railway Co.* 51 Wis. 603 (8 N. W. 374); *Hanna* v. *Railroad Co.* 32 Ind, 113; 13 Am. & Eng. Enc. Law, 770. This shows it to have been error in the trial court to overrule defendant's demurrer. It should have been held sufficient in law.

By the Code of West Virginia (see clause 9, s. 1, c. 135, p. 848, Ed. 1891) an appeal may be taken from an order granting a new trial, without waiting for the new trial to be had. But inasmuch as the court overruled defendant's demurrer to his prejudice, such error was a sufficient ground for the court to set aside the verdict against defendant, and award him a new trial. Therefore such order was right, and must be affirmed.