E. R. MILLS *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, A *corporation*

(CC. 455)

Submitted September 21, 1932.   Decided October 18, 1932.

*Rummel, Blagg & Stone* and *Henry S. Cato,* for plaintiff in error.

*Price, Smith & Spilman, Robert H. C. Kay,* and *J. M. Woods,* for defendant in error.

MAXWELL, JUDGE:

This certification presents for review the action of the circuit court of Kanawha County sustaining the defendant's demurrer to the plaintiff's replications to the defendant's special pleas.

The plaintiff, having contracted with the county court of Cabell County for the construction of a bridge in that county, sub-let a portion of the work to Metal Products Company, which furnished an indemnity bond to the plaintiff with the defendant as surety. By reason of failure of the sub-contractor, the plaintiff took over the work and completed it, with the assent of the sub-contractor's surety, the defendant. Incurring large expense in completing the work, the plaintiff instituted this action of debt against the surety on the bond.

On the first writ of error, *Mills v. Indemnity Insurance Co.,* 108 W. Va. 317, 150 S. E. 718, we reversed a judgment of the circuit court of Kanawha County in favor of the plaintiff because of the trial court's refusal to file two special pleas tendered by the defendant. The gravamen of the pleas is that the action was not instituted within six months after the cause of

action arose, as provided in the contract of indemnity, or within twelve months as provided by section 48, chapter 34, Code 1923; it being the theory of the defendant that the said statute applies to an indemnity bond such as at bar, and that the effect of the statute is to extend the period of limitation from six to twelve months.

After the case was remanded on the former review, and the pleas filed, the plaintiff tendered special replications to the said pleas. In the replications the plaintiff set up that within six months after the cause of action arose upon the completion of the work by the plaintiff, he instituted against the defendant an action of assumpsit which was prosecuted to verdict in favor of the plaintiff, which verdict was set aside and a new trial awarded by the trial court; that within about three months after the said verdict had been set aside, the plaintiff instituted the present action of debt.

The contentions of the plaintiff are: (1st replication) that the assumpsit action having been brought within six months after the cause of action arose, the running of the six months' contractual limitation was thereby suspended, and since the institution of the action of assumpsit the defendant has been continually before the court to answer for the breach in the condition of its bond; (2nd replication) that his right to maintain the action of debt (now before the court) is preserved to him by section 19, chapter 104, Code 1923.

We shall first consider points arising upon replication No. 2. The said statutory provision invoked by it reads:

"If any action commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, or by his or her death or marriage, or if, in an action commenced within due time, judgment (or other and further proceedings) for the plaintiffs should be arrested or reversed, on a ground which does not preclude a new action for the same cause, or if there be occasion to bring a new suit by reason of the said cause having been dismissed for want of security for costs, or by reason of any other cause, which could not be plead in bar of an action, of the loss or destruction of any of the papers or records in a former suit which was in due time; in every such case, notwithstanding the expiration of the time

> within which a new action or suit must otherwise have
> been brought, the same may be brought within one
> year after such abatement, dismissal or other cause,
> or after such arrest or reversal of judgment, or such
> loss or destruction but not after.''

Following the rendition of judgment in the action of debt, plaintiff voluntarily dismissed the assumpsit action. The query arises: Did the pendency of the action of assumpsit toll the period of limitation and preserve for the plaintiff the right to institute the action of debt nearly a year and a half after the cause of action arose?

Even if the limitation here to be considered were statutory it is doubtful if the plaintiff's position under the second replication could be sustained. The statute contemplates involuntary and not voluntary dismissals. If by the bringing of an action, holding it on the court docket for months, and then voluntarily dismissing it, a plaintiff could toll the statute of limitations, a method of circumventing the statute would thereby be perfected.

But the limitation with which we are confronted is contractual. By the terms of the bond, actions thereon shall not be brought beyond the period of six months from the time the cause of action arose. If, according to the defendant's position, the statute (Code 1923, chapter 34, section 48) extends the period to twelve months, the limitation is nevertheless still contractual. It is, however, the view of the writer of this opinion that the said statute cannot properly be said to extend the limitation period of the bond. The statute reads: ''No insurance company shall limit the term within which any suit shall be brought against it to a period less than one year from the time when the loss insured against shall occur.'' That section is found in the chapter of the Code dealing with insurance companies. The section itself specifically refers to insurance companies. Policies of insurance and contracts of indemnity are entirely different matters. But however that may be, we are here dealing with a contractual limitation.

We think an early decision of this court is decisive of this point. We refer to *McFarland v. Insurance Co.*, 6 W. Va. 437. That was an action on an insurance policy which limited the right of action thereon for the period of six months after

cause of action arose. There, as here, the plaintiffs sought the tolling benefit of section 19, chapter 104 of the Code. In disapproving that position, the court said: "It is sufficient to say in regard to this suggestion, that the six months limitation is the contract of the parties, and by this contract their rights in this respect must be governed; consequently the statute of limitations is not the rule by which they are to be determined." The court then quotes as follows from the Supreme Court of the United States in *Riddlesbarger v. Hartford Insurance Co.*, 7 Wall 386, 19 L. Ed. 257, wherein there was under consideration a similar provision of a Missouri statute:

"In the second place the rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and as a consequence from its exceptions also. The action mentioned, which must be commenced within the twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any cause cannot alter the case. The contract declares that an action shall not be sustained, unless such action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of a failure of an action commenced, and the Court cannot insert one without changing the contract."

Now as to replication No. 1. The problem is: Can the plaintiff in this action, for the purpose of avoiding the contractual limitation of six months, obtain benefit from the fact that his action of assumpsit (now dismissed) was instituted within six months from the time the cause of action arose? One of the most important purposes, if not the main one, of such contractual limitation is that a surety company may know within a reasonable time (six months from the arising of a cause of action) whether there would be an attempt to fasten liability upon it under the bond. Now, when, as in the present situation, a suit on a bond is actually instituted within the six months' period, the surety is thereby definitely apprised of the fact that the assured is asserting a right to recover on the bond, and it then becomes of secondary importance whether such claim is pressed under the suit as at first

instituted or under some changed form thereof, or even under a new suit, if the two suits for all practical purposes blend.

We are unable to accept the theory of the plaintiff that the action in debt is in reality and practical effect an amendment of the action in assumpsit, because the idea of amendment is inconsistent with the fact of dismissal of the assumpsit action. A plaintiff cannot amend an action, dismiss it out of court, and then claim the benefit of the amendment. However, we are of opinion that the contractual limitation of six months should not be applied to the action of debt isolated and alone, but that the limitation should be considered under the inquiry as to whether the assertion of this claim by the assured was made by suit within the six months' period, and, if so, whether the defendant has been continually before the court in defense of the plaintiff's demand. The action might have been in debt originally. Under the statute, assumpsit also was appropriate. Code 1923, chapter 99, section 16a. What boots it to the surety whether it undertakes to support a general issue plea in assumpsit or debt? The point is made by the defendant that the assumpsit action was not predicated expressly on the bond but on an alleged agreement between the plaintiff and a representative of the surety. Only the common counts were employed in the declaration. Even so, there is the further fact, as appears from the record of the assumpsit action, that the actual basis of that suit was the defendant's suretyship on the bond.

Another thing. When the defendant made appearance to the action in debt and plead the general issue and tendered two pleas asserting that the action had not been brought within the contractual period of limitation, the defendant did not by plea or motion raise the question of the right of the plaintiff to maintain the action in debt while the action of assumpsit remained on the docket. It should have done so timely if it sought to take advantage of that situation. The assumpsit action therefore remained, and remaining, it tolled the period of limitation and thereby kept open the way for the action in debt. Consideration of the matter on this basis does no more than to afford opportunity to these litigants for their controversy to be determined on its merits, an end much to be desired in all litigation, and an end striven for under all sys-

tems of pleading. Under the Code of 1931, chapter 56, article 4, section 24, (not in effect when this action was brought and therefore not controlling here), the form of action may be changed by leave of the court. The legislature, too, thus places emphasis on substance rather than form.

We therefore conclude that the trial court should have overruled the demurrer to replication No. 1.

*Reversed and remanded.*