EMMA HOPE DUNCAN *v.* FEDERAL UNION INSURANCE COMPANY, *a corporation*

(CC 488)

Submitted October 4, 1933.    Decided October 17, 1933.

*Jean F. Smith* and *John J. Hamrick,* for plaintiff.
*John E. Jenkins,* for defendant.

KENNA, JUDGE:

·Emma Hope Duncan brought notice of motion in the circuit court of Cabell County against Federal Union Insurance Company on a policy of fire insurance, and to the notice the defendant appeared and filed specifications of defense setting up a clause in the policy, requiring action to be brought thereon, if at all, within twelve months after the fire. The specification alleges that the fire. occurred April 16, 1931. The notice was brought April 17, 1933. To this specification, the plaintiff replied in writing, stating the fire occurred April 16, 1931; that the defendant denied all liability by letter dated June 22, 1931; that the plaintiff, on July 22,'1931, filed proofs of loss under the policy and on August 18, 1931, instituted a former notice of motion in the circuit court of Cabell County to recover under the policy, and that after trial, judgment was rendered in favor of the plaintiff in that court, on October 15, 1931, in the sum of $500.00. The reply then goes on to allege that a writ of error to the said judgment resulted, on November 22, 1932, in reversal and in a remanding of the cause to the circuit court of Cabell County where, on January 13, 1933, an agreed order was entered striking the case from the docket of the circuit court of Cabell County because prematurely brought, which order was entered by mistake and did not correctly carry out the mandate of this court upon the writ of error.

The defendant demurred to this reply to its specifications of defense, and, upon the circuit court of Cabell County sustaining the demurrer and striking the plaintiff's reply from the cause, that court certified its ruling on the demurrer to this·court.

There can, of course, be no doubt that this notice of motion

was brought more than twelve months after the fire. Therefore, without more, the defendant's specifications of defense would constitute a bar to the plaintiff's action. Plaintiff, however, says that she did bring a proceeding to recover within twelve months, that that proceeding was dismissed, and that under the provisions of section 18 of article 2 of chapter 55 of the Code, she is entitled to bring another proceeding within twelve months.

To this, the defendant, on demurrer, says that her plea is not good, (1) because the section relied upon does not apply to contractual limitations of actions, but only to those limitations set up in statutory enactment; (2) that even conceding its applicability to contractual limitations, plaintiff cannot avail herself of its advantage because, in any event, it does not apply to voluntary dismissal, as in this case.

These, in substance, are the questions certified to this court by the circuit court of Cabell County.

In our opinion, the section in question of which the plaintiff would avail herself does not apply to toll the running of a contractual limitation. *McFarland & Steele* v. *Aetna Fire and Marine Insurance Company,* 6 W. Va. 437; *Mills* v. *Indemnity Ins. Company of North America,* 113 W. Va. 11, 166 S. E. 531; *Riddlesbarger* v. *Hartford Insurance Company,* 7 Wall. 386, 19 L. Ed. 257. This being true, it is not necessary to determine whether or not the dismissal of the former notice of motion was voluntary. The circuit court of Cabell County, we think, correctly sustained the demurrer to the plaintiff's reply to the defendant's specifications of defense. It will be so certified.

*Affirmed.*