CORA MAE SMITH, *Admx., etc. v.* EUREKA PIPE LINE COMPANY

(CC 625)

Submitted April 16, 1940.   Decided May 7, 1940.

*Stealey & Black,* for plaintiff.

*Kemble White, A. F. McCue* and *H. M. Garrett,* for defendant.

KENNA, JUDGE:

This action was brought in the Circuit Court of Wood County for the purpose of recovering for death by wrongful act. The defendant demurred to the plaintiff's amended declaration, after oyer had been craved of the writ and return and of the entire record in a like proceeding formerly pending in the Circuit Court of Harrison County, and upon overruling the demurrer, the trial court certified the questions thus raised to this Court.

The state of the record, including the allegations contained in plaintiff's amended declaration, rests the demurrer upon the following facts and circumstances:

Plaintiff's decedent died June 4, 1935, from an injury sustained in Tyler County by the explosion of a metal drum containing approximately fifty gallons of highly explosive oil and gas under high pressure belonging to the defendant company and stored in a barn under its direction and supervision. The declaration sufficiently charges that the death of plaintiff's decedent was brought about by the negligence of the defendant company, and shows upon its face that this proceeding was commenced on the sixth day of June, 1938, three years and two days after the plaintiff's alleged right of action accrued. In this state of the record before us, the trial court held that the saving provision contained in Code, 55-2-18, permitting actions commenced within due time and abated or dismissed involuntarily to be re-instituted within one year, extended the plaintiff's right of recovery for one year from the date of the dismissal of her Harrison County action, thereby giving rise to the two legal queries included in this certification: (1) Do the provisions of Code, 55-2-18, extend to an action for death by wrongful act, and (2), if so, was the Harrison County action voluntarily dismissed by the plaintiff so that the provisions of that section are not applicable, due to that fact?

Although there is some conflict of authority as to whether the time fixed in a statute creating a right of recovery for death by wrongful act within which the action shall commence, is a statute of limitation or

whether the fixed time is one of the essential elements, the existence of which constitutes plaintiff's right of recovery, the plain preponderance of decided cases favors the doctrine that the time fixed by the statute creating the right is one of the components entering into the plaintiff's right of recovery. 67 A. L. R. 1070. It is conceded that the holdings of this Court place West Virginia among the jurisdictions adhering to the latter doctrine, and that reference to the following cases sufficiently demonstrates this classification. *Lambert* v. *Ensign Mfg. Co.*, 42 W. Va. 813, 26 S. E. 431. See also *Hoover's Admx.* v. *C. & O. R. Co.*, 46 W. Va. 268, 33 S. E. 224; and note, 67 A. L. R. 1070.

The plaintiff below, however, contends that Code, 55-2-18, applies not only to statutes of limitation but that its language "in any action" renders it inclusive of actions for death by wrongful act. The defendant asserts that the saving provision is entirely unrelated to Code, 55-7-5, 6, and that being so, the plaintiff's right of action ceased to exist at the expiration of two years from the death of plaintiff's decedent. It follows, of course, that if this question is resolved against the contentions of the plaintiff below and in favor of the position of the defendant, the basis of decision has been disposed of before the trial court's second query is reached, the discussion of which then becomes *obiter dictum*.

There are but few reported cases which deal with a saving statute similiar to ours as well as with the question of whether or not a like statute relates to actions for death by wrongful act. The statute under consideration in *Western Coal & Mining Co.* v. *Hise et al.*, 216 Fed. 338 (Eighth Circuit), involved statutory terminology almost in the exact wording of both the West Virginia statutes. In that case, which arose in the State of Arkansas, in the very brief opinion the statement is made that during its pendency that court had passed upon the same question in *Partee* v. *Railroad Co.*, 204 Fed. 970, 123 C. C. A. 292, 51 L. R. A. (N. S.) 721, and that the Supreme Court of Arkansas has done likewise in *Anthony* v. *Railroad Co.*, 108

Ark. 219, 157 S. W. 394, and that following those opinions, and recognizing the same doctrine, the saving section does not apply to a death by wrongful act proceeding. The Supreme Court of the United States denied a writ of certiorari to review the Circuit Court's decision. 241 U. S. 666. The Kansas Supreme Court, in the case of *Rodman* v. *Missouri Pacific Railroad Co.*, 65 Kan. 645, 70 Pac. 642, 59 L. R. A. 704, reviewing a number of cases dealing with analogous questions, reaches a like conclusion as does the Appellate Court of the First District of Illinois in the case of *Lake Shore & M. S. Railroad Co.* v. *Jan Dylinski, Admr.*, 67 Ill. App. 114, and the Supreme Court of New York County in *Cavanaugh* v. *Ocean Steam Navigation Co., Ltd.*, 13 N. Y. S. 540, the latter case involving the British Lord Campbell's Act, and a loss of life occuring on the high seas. Contra, see *Wall* v. *Chesapeake & O. Ry. Co.*, 189 Ill. App. 234; *Meisse* v. *McCoy's Admr.*, 17 Ohio St. 225.

It is well to bear in mind the fundamental distinction between the situation when the ground work of a judicial proceeding ceases to exist and the situation when the proceeding is barred by the statute of limitations: in the former instance there simply remains no foundation for judicial action; in the latter the *basis* for relief continues, but the use of the *means* of enforcing it may be barred if the lapse of time is affirmatively asserted for that purpose.

It is, of course, clear that Code, 55-2-18, applies universally to statutes of limitation, and that it is to be read *in pari materia* with our other statutes dealing with that subject matter. It is also clear that Code, 55-7-5 and 6, under our present decisions bear no relationship to statutes of limitation, and contain no language that would justify a joint construction therewith. The attorneys for the plaintiff below, however, assert that because Code, 55-2-18, in its express language relates to "any action", this proceeding being an action, it necessarily includes proceedings for death by wrongful act and, in certain instances, saves what may be called the right of action

from expiring at the end of two years. Conceding as a premise, that the clause "in any action" is sufficiently broad to necessitate construing Code, 55-2-18, *in pari materia* not only with statutes of limitation, but also with statutes dealing with death by wrongful act which is an entirely different subject matter, so that the same language would have to be treated as covering more than one topic, if the circumstances surrounding its enactment justified that construction, perhaps observing the time of the inception of the two enactments would to some extent clarify the legislative purpose.

There were no enactments in the United States creating the right of recovery for death by wrongful act until after the British Parliament passed Lord Campbell's Act in 1846. It seems apparent that if the saving clause provision was enacted following the adoption of the statute creating the right of recovery for death by wrongful act, it could be construed as referring thereto. However, if its adoption preceded the adoption of the Lord Campbell's Act, it is difficult to perceive a legislative intention to include non-existent actions for death by wrongful act by implication in its original enactment or in subsequent amendments.

The saving section relating to statutes of limitation, perhaps ante-dated but may be quite easily traced back to the Revised Code of Virginia of 1819, Chapter 128, Section 10, page 490. Substantially the same provision was contained in the Virginia Code of 1849, being Section 18 of Chapter 149. With very slight changes, the provision has remained in effect in West Virginia to the present time.

It therefore is obvious that the saving section at the time of its original enactment could not have been intended to include proceedings for death by wrongful act, even conceding that it might otherwise be read *in pari materia* with the Lord Campbell's Act. Without making that concession, the fact that the two statutes deal with unrelated subject matters would add weight to the conclusion that it was not the legislative intent to extend

the life of the right of action to recover for death by wrongful act. This conclusion, we believe, accords with the holding of this Court in *Duncan* v. *The Federal Union Insurance Co.,* 114 W. Va. 219, 171 S. E. 418, that the saving section does not apply to a contractual limitation.

We are of the opinion that the trial court erred in overruling the demurrer to the plaintiff's declaration.

Furthermore, the saving section has been held not to contemplate voluntary dismissal. *Mills* v. *Indemnity Insurance Co.,* 113 W. Va. 11, 14, 166 S. E. 531. The Harrison County proceeding was dismissed upon the plaintiff's motion. True, the plaintiff's demurrer to the defendant's plea in abatement had been overruled. But nothing more had been done. This Court cannot look beyond the record for reasons that actuated the plaintiff, no matter how compelling they may have been in fact. Had the trial judge upon final hearing concluded to sustain the plea in abatement and for that reason dismiss the Harrison County proceeding over the plaintiff's protest or without the plaintiff's affirmative initiative, a different question would be presented, but in so far as the record before us indicates we cannot avoid the opinion that it constituted a voluntary dismissal at the plaintiff's behest.

For the foregoing reasons, the finding of the Circuit Court of Wood County is reversed and it will be so certified.

*Reversed and remanded.*