DELPHY McCLUNG *v.* A. U. TIECHE, *etc.*

(CC 674)

Submitted February 8, 1944. Decided February 29, 1944.

*Vickers & Thrift,* for plaintiff.

*Hutchinson & Trail, Scherer, Bowers & File* and *Mahan, Bacon & White,* for defendant.

LOVINS, JUDGE:

The Circuit Court of Raleigh County sustained a demurrer to the special replication of plaintiff and upon joint motion of the parties certified its ruling to this Court.

This litigation arises by reason of a surgical operation performed in Fayette County on the plaintiff, Delphy McClung, by the defendant, A. U. Tieche, a resident of Raleigh County. Plaintiff instituted an action in the Circuit Court of Fayette County within one year after June 20, 1941, on which date she was apprised of the allegedly negligent acts of the defendant. She charged that the defendant removed certain of her organs without her

consent and that she was thereby rendered incapable
of bearing children; that defendant actively concealed
the wrongful act from her and that she brought her
action in the Circuit Court of Fayette County with-
in one year of the time defendant's alleged negligence
came. to her knowledge. Original and alias summons
issued and were returned unexecuted and without inter-
ruption various pluries summons issued and, with an
exception hereinafter noted, were likewise returned un-
executed. One of the pluries summons was served on
defendant in Raleigh County. Defendant in the Fayette
County action pleaded in abatement on the ground that
the action was pending in the county where the cause
of action arose and that process could not be served in
another county. Code, 56-1-2 (b). Plaintiff. demurred
to defendant's plea in abatement, which was overruled,
and thereafter plaintiff by counsel announced that she
did not intend to prosecute her action further in the
Circuit Court of Fayette County, which was then dis-
missed without prejudice to the right of plaintiff to
institute another. The instant case was instituted in
Raleigh County more than one year after the knowledge
of the defendant's negligence came to plaintiff, the declar-
ation herein having been filed on December 11, 1942,
but within one year of the dismissal of the first action
by the Circuit Court of Fayette County. Defendant by
special plea No. 1 pleaded the statute of limitations, to
which plaintiff replied specially. The latter pleading
sets forth that defendant was a resident of Raleigh County
and was engaged in the business of operating a hospital
in Fayette County, making visits thereto at various times.
The special replication also alleges the procedure had
in the Circuit Court of Fayette County and the dismissal
of that proceeding as hereinbefore stated. Defendant's
demurrer to the special replication was sustained and
the ruling certified.

Plaintiff contends that pendency of the action in Fay-
ette County tolled the statute of limitations as to the

instant case and that the remedy is saved to her by the provisions of Code, 55-2-18. Defendant takes the position that the instant action is barred. The question certified by the trial court reads in part as follows: "Is the plaintiff's action barred by the statute of limitations as plead in Defendant's Special Plea No. 1, or has plaintiff's right of action been saved to her under the provisions of Code, ch. 55-2-18 (Serial Section 5410), as set forth in Plaintiff's Special Replication to said plea * * * ?", the precise question being: Is plaintiff's special replication a sufficient answer to the plea of the statute of limitations?

There is no contention that the action in Fayette County was barred by the statute of limitations.

It is readily apparent that a determination of the respective contentions depends upon the consideration and application of Code, 55-2-18, which reads as follows:

> "If any action or suit commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, or by his or her death or marriage, or if, in an action or suit commenced within due time, judgment or decree (or other and further proceedings) for the plaintiffs should be arrested or reversed on a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of such cause having been dismissed for want of security for costs, or by reason of any other cause which could not be plead in bar of an action or suit, or of the loss or destruction of any of the papers or records in a former action or suit which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause, or after such arrest or reversal of judgment or decree, or such loss or destruction, but not after."

The foregoing statutory provision is designed to remedy the harsh effect of the statute of limitations and to save

a cause of action which is otherwise barred. The application of the saving statute depends upon the pendency and disposition of a former action for the same cause. Having in mind its purpose and remedial character, it is to be liberally construed. *Ryan* v. *Piney Coal & Coke Co.*, 69 W. Va. 692, 73 S. E. 330. Where the former action has been dismissed by the voluntary act of the plaintiff or by conduct equivalent thereto, the statute of limitations is not tolled and a subsequent one, if commenced after the limitation has accrued, is barred. *Lawrence* v. *Winifrede Coal Co.*, 48 W. Va. 139, 35 S. E. 925; *Mills* v. *Indemnity Insurance Co.*, 113 W. Va. 11, 14, 166 S. E. 531; *Duncan* v. *Insurance Co.*, 114 W. Va. 219, 171 S. E. 418; *Smith* v. *Pipe Line Co.*, 122 W. Va. 277, 8 S. E. 2d 890. See Wood on Limitations, 4th Ed., Page 1494. A plaintiff who institutes an action and thereafter erroneously concludes that his cause of action has not accrued, fails to file his declaration and permits a dismissal of his action for such failure, cannot avail himself of the saving provisions of the statute. *Allen* v. *Burdette,* 89 W. Va. 615, 109 S. E. 739. Where a limitation bars the right and also the remedy there is no suspension of the running of the statute. *Smith* v. *Pipe Line Co., supra.* And likewise where the limitation is imposed by contract. *Mills* v. *Insurance Co., supra.*

An action purportedly commenced by the issuance of a void summons which is subsequently dismissed for that reason is an involuntary dismissal and the right of action is preserved. *Ketterman* v. *Railroad Co.*, 48 W. Va. 606, 608, 37 S. E. 683. An erroneous ruling of the trial court dismissing an action because of the variance between the return of summons and the declaration therein, the former sounding in assumpsit and the latter in trespass on the case, is an involuntary dismissal and the cause of action is saved to the plaintiff. *Ryan* v. *Coal & Coke Co., supra.* An action commenced in a federal court and thereafter dismissed for lack of jurisdiction therein is sufficient to toll the running of the statute.

*Tompkins* v. *Insurance Co.,* 53 W. Va. 479, 44 S. E. 439. The statute here under consideration is intended to relieve against loss of plaintiff's right of action or its final abatement. *Tompkins* v. *Insurance Co., supra.*

The general rule to be deduced from the foregoing decisions of the Court is that where there has been a dismissal or abatement of an action by the voluntary act of the plaintiff or conduct equivalent thereto the running of the statute of limitations is not suspended by Code, 55-2-18. But if the dismissal is had by reason of accident, inadvertence or erroneous ruling of a trial court or for any reason not attributable to the voluntary act of a plaintiff, or conduct equivalent thereto, the cause of action is saved for one year after the dismissal or abatement under the provisions of the foregoing statute. Measuring the action of the plaintiff herein by the general rule above stated, was her action in Fayette County voluntarily dismissed?

Initially she had the right to proceed in either of two circuit courts — in Fayette County where the cause of action arose or in Raleigh County where the defendant resides. She chose the former and, so far as this record shows, pursued her remedy with diligence, but without effect, until the abortive attempt to serve process on the defendant in Raleigh County, which being held of no effect she thereupon announced her intention to abandon further prosecution of her cause in the Circuit Court of Fayette County. She may have obtained the award of other pluries summonses directed to the Sheriff of Fayette County instead of abandoning prosecution of her suit. *United States Blowpipe Co.* v. *Spencer,* 46 W. Va. 590, 594, 33 S. E. 342. And had such pluries process issued at the succeeding rules after plea in abatement was sustained by the Circuit Court of Fayette County, no hiatus in the continuity of the process would have occurred. *Vogler* v. *Ireland,* 122 W. Va. 477, 10 S. E. 2d 792. Notwithstanding, plaintiff voluntarily elected to abandon further prosecution of her action in Fayette County, and applying the

general rule hereinbefore announced, we conclude that the plaintiff's cause of action is now barred, and answer the certified question accordingly. The ruling of the Circuit Court of Raleigh County is therefore affirmed.

*Affirmed.*