RULEY, JUDGE:
Claimant’s decedent was killed in a fire which destroyed the Washington House Hotel at Berkeley Springs, West Virginia, on the night of August 24-25, 1974. Claimant alleges that respondent’s failure to inspect the hotel and cause it to cease operations constituted negligence and was the proximate cause of the fire and death. Claimant seeks damages for the alleged wrongful death under the provisions of West Virginia Code §55-7-5 and 6. Respondent has moved to dismiss, contending that the claim is barred by the two-year period of limitation set forth in West Virginia Code §55-7-6.
Claimant’s decedent died on August 25, 1974. Thus, under Code §55-7-6, the claim had to be filed on or before August 25, 1976. Claimant’s attorney commenced this proceeding by mailing the Notice of Claim to the Clerk of this Court by special delivery on August 23, 1976. However, the Clerk did not receive the Notice of Claim until September 2, 1976, eight days after the expiration of the statutory period. Although the postal service may have caused the claim to be filed after August 25, this Court cannot ignore the statutory requirement that the Notice of Claim “be filed with the clerk” within the appropriate period. Code, §14-2-21. See also Huntington Steel & Supply Company v. West Virginia State Tax Commissioner, 8 Ct. Cl. 123. Timely filing of a claim with the Clerk is clearly the responsibility of claimant or claimant’s attorney, who may choose any method of delivery he considers expeditious. In this case, the failure of the postal service to deliver the Notice *78 of Claim within three days, although regrettable, does not provide any legal ground for this Court to deny respondent’s motion to dismiss.
Claimant also contends that the period of limitation was tolled by at least one of two extraordinary circumstances in this case. The first involves the incapacity of decedent’s mother. West Virginia Code §55-7-6 provides that only the personal representative of the deceased may bring an action for wrongful death. See Silvious v. Helmick, 291 F. Supp. 716 (N.D.W.Va., 1968). Only a distributee can be appointed administrator within the first thirty days after the death of a person dying intestate. West Virginia Code §44-1-4. Under the wrongful death statute in effect at the time of the fire, distributees were to be determined by the statute of descent, Code, §42-1-1. At the time of her death, the decedent’s sole distributee was her mother. But her mother was mentally incapacitated. Thus, claimant contends that the mother’s disability tolled the statute at least for the thirty days immediately following the death, under the provisions of West Virginia Code §55-2-15, entitled “General savings as to persons under disability”.
The second extraordinary circumstance is the delay in appointing an administrator for decedent’s estate. The administrator, decedent’s brother, was not appointed until April 8, 1976, less than four months before the period of limitation expired. Citing the general proposition from 28 A.L.R.3d 1144 that “an action cannot be maintained until there is a person in being capable of suing”, claimant argues that the period was tolled until the administrator was appointed.
Claimant’s arguments treat the limitation period in West Virginia Code §55-7-6 like a statute of limitation. Since Lambert v. Ensign, 42 W.Va. 813 (1896), West Virginia courts have refused to apply any of the Code provisions which would toll a statute of limitation to the two-year period of limitation in the wrongful death statute.
“* * * the cause of action (wrongful death) did not exist at common law but is created by statute. The bringing of the suit within two years * * * is made an essential element of the right to sue, and it must be accepted in all *79 respects as the statute gives it. And it is made absolute, without saving or qualification of any kind whatever. There is no opening for explanation or excuse. Therefore, strictly speaking, it is not a statute of limitations.” Lambert, supra.
Since the period of limitation is viewed, not as a limit on the remedy, but as a condition on a statutory right to sue, there are no exceptions to its application. “The two year limitation on commencing an action for wrongful death is an integral part of the cause of action, and statutes in derogation of common law will be strictly construed” (citations omitted). Rosier v. Garson, 156 W.Va. 861, 199 S.E.2d 50 (1973). Thus, in Rosier and in Smith v. Eureka Pipe, 122 W.Va. 277, 8 S.E.2d 890 (1942), the provisions of Code, §55-2-18, (granting the right to institute a new action within one year after an order, not on the merits, disposing of a pending action) were held not to apply to wrongful death actions. By analogy, Code, §55-2-15, does not apply to wrongful death actions, and the incapacity of the decedent’s mother does not extend the period of limitation. Similarly, following the logic of Smith, Rosier, and Lambert, this Court cannot change the law and toll the period of limitation until an administrator is appointed. Most jurisdictions reach a similar conclusion regarding administrators. See 70 A.L.R. 472. For additional discussions relating to conditions and limitations on wrongful death actions, see 132 A.L.R. 292 and 67 A.L.R. 1070.
The motion to dismiss is granted.
Claim dismissed.