413 S.E.2d 178

**Ruth Jane MILLER, Administratrix of the Estate of Misty M. Miller, Plaintiff Below, Appellant,**

v.

**E.S. ROMERO, M.D., Defendant Below, Appellee.**

**No. 20196.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 1991.

Decided Dec. 19, 1991.

**524**

Guy R. Bucci, V. Denise Manning, Harry M. Hatfield, Charleston, for appellant.

Richard W. Stuhr, Dino S. Colombo, Jacobson, Maynard, Tuschman & Kalur, Charleston, for appellee.

BROTHERTON, Justice:

The following question has been certified to this Court from the Circuit Court of Boone County for our analysis:

In a medical malpractice case, is the wrongful death statute of limitations tolled by the allegation of fraudulent concealment on the part of the defendant and/or failure on the part of the plaintiff to discover the cause of the decedent's death?

On April 22, 1986, the decedent, Misty Miller, died at age nineteen. An autopsy was refused and a final diagnosis was not given as to the cause of death. However, Misty had suffered from primary hypothyroidism, with associated growth retardation, and from infant onset diabetes, which had required insulin injections from the age of two years.

For approximately six months prior to her death, Misty's treating physician was the defendant, E.S. Romero, M.D., who practiced in Danville, West Virginia. On Friday, April 18, 1986, Dr. Romero changed her medication from injected insulin to an oral insulin agent, Diabeta. On April 19, 1986, Misty apparently became ill, and returned to Dr. Romero's office on Monday, April 21, 1986. The evidence shows that he did not change her medication back to injected insulin, and Misty died on Tuesday, April 22, 1986. The family refused an autopsy.

On October 17, 1989, the plaintiff, Ruth Miller, Administratrix of the Estate of Misty Miller, filed a wrongful death suit against Dr. Romero. On January 19, 1990, Dr. Romero filed a motion for summary judgment in the Circuit Court of Boone County, stating that the wrongful death action was filed three and one-half years after the death of the decedent and thus was barred by the two-year wrongful death statute of limitations imposed by W.Va. Code § 55–7–6. On January 26, 1990, the plaintiff filed a motion to amend her complaint, adding an allegation that she had not discovered the alleged malpractice until after the two-year statute of limitations had expired because the defendant had fraudulently concealed the alleged negligence. As evidence of fraud, the plaintiff contends that Dr. Romero told her that it was God's will that Misty die, did not explain the problems with the diabetic medication, and paid part of the funeral bills in an attempt to ingratiate himself with her family.

The judge denied the defendant's motion for summary judgment on January 22, 1991, stating that fraudulent concealment and/or failure to discover the cause of the decedent's death should toll the wrongful death two-year filing period. The defendant objected to this ruling and requested that the Boone County Circuit Court certify the issue to the West Virginia Supreme Court.

Our wrongful death statute is found in W.Va.Code § 55–7–6(d) (1981), which states, in part, that "[e]very such (wrong-

ful death) action shall be commenced within two years after the death of such deceased person." The statute does not allow any extension of the time to file for any reason. However, the plaintiff argues that since this Court has already approved the discovery rule in certain circumstances involving medical malpractice actions, the discovery theory should be extended to wrongful death actions.

■ The discovery rule in extending the statute of limitations in malpractice claims was formally adopted in *Morgan v. Grace Hospital, Inc.*, 149 W.Va. 783, 144 S.E.2d 156 (1965). In syllabus point 1, this Court stated that:

> Where, in a civil action for damages against a private hospital and an individual, the plaintiff alleges that, in connection with a surgical operation performed upon her, a surgeon and other persons employed by the defendants negligently failed to remove from the plaintiff's abdomen a sponge placed therein in connection with the surgical operation, the period of the applicable statute of limitations does not commence to run against the plaintiff's cause of action until she learns of, or by exercise of reasonable diligence should have learned of, the presence of the sponge in her abdomen.

■ Fraudulent concealment on the part of the physician in a malpractice case will also extend the two-year statute of limitations. In *Hundley v. Martinez*, 151 W.Va. 977, 158 S.E.2d 159 (1967), the defendant physician tore part of the plaintiff's iris during a cataract operation, but repeatedly told the plaintiff his vision would return when the patient complained. The plaintiff did not learn until almost three years later that his vision had been permanently damaged. In syllabus point 2 of *Hundley*, this Court stated:

> In a medical malpractice case the statute of limitations begins to run at the time the injury is inflicted, or, in the event the physician fraudulently conceals from the plaintiff the facts showing negligence, when the fraud is penetrated and the injury is discovered or when by the exercise of reasonable diligence it should have been discovered.

*Id.* 151 W.Va. at 977, 158 S.E.2d at 160. Thus, the court stated that if the jury should decide that the doctor had fraudulently concealed his negligence, the two-year statute of limitations did not apply.[1] *Id.* 151 W.Va. at 985, 158 S.E.2d at 165–66.

The plaintiff argues that since West Virginia has applied the discovery rule, or its principle, in other contexts, including products liability, attorney malpractice, and fraud,[2] it should apply in this case. The plaintiff also points to several other jurisdictions in which a version of the discovery rule had been applied.[3] However, the defendant counters with cases which refuse to extend the time limitation and explains that most of the jurisdictions to which the plaintiff points involve an interpretation of their wrongful death statute, which is different from the West Virginia statute.[4]

The plaintiff's argument for extending the time limitations for wrongful death cases ignores a crucial line of West Virginia case law interpreting our wrongful death act. This Court has held that, unlike

---

1. *See also Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), in which the Supreme Court developed the modern discovery rule in a case involving exposure to silica dust.

2. *See Hickman v. Grover*, 178 W.Va. 249, 358 S.E.2d 810 (1987); *Family Sav. & Loan, Inc. v. Ciccarello*, 157 W.Va. 983, 207 S.E.2d 157 (1974) (overruled for other reasons in *Hall v. Nichols*, 184 W.Va. 466, 470, 400 S.E.2d 901, 905 (1990)); and *Stemple v. Dobson*, 184 W.Va. 317, 400 S.E.2d 561 (1990).

   *See also Jones v. Trustees of Bethany College*, 177 W.Va. 168, 351 S.E.2d 183 (1986), where this Court ruled that "where a plaintiff sustains

a noticeable personal injury from a traumatic event, the statute of limitations begins to run and is not tolled because there may also be a latent injury arising from the same traumatic event. *Id.* at syl. pt. 3; *Harrison v. Seltzer*, 165 W.Va. 366, 268 S.E.2d 312 (1980).

3. *Fure v. Sherman Hospital*, 64 Ill.App.3d 259, 21 Ill.Dec. 50, 380 N.E.2d 1376 (1978); *Hanebuth v. Bell Helicopter Intern.*, 694 P.2d 143 (Alaska 1984).

4. *King v. Cape Fear Memorial Hospital, Inc.*, 96 N.C.App. 338, 385 S.E.2d 812 (1985); *Cadieux v. International Telephone & Telegraph Corp.*, 593 F.2d 142 (1st Cir.1979).

a malpractice or negligence action, a wrongful death action is not a right which was recognized at common law. In *Baldwin v. Butcher*, 155 W.Va. 431, 184 S.E.2d 428 (1971), we held that no right of action for wrongful death existed separate and apart from the wrongful death statute. *Id.* 155 W.Va. at 437, 184 S.E.2d at 431. The wrongful death action is not a revival of a deceased cause of action for personal injury, but is an entirely new cause of action that does not accrue until the death of the person injured. *See also Crab Orchard Improvement Co. v. C & O Railway Co.*, 33 F.Supp. 580 (S.D.W.Va.1940), *aff'd* 115 F.2d 277 (4th Cir.1940), *cert. denied* 312 U.S. 702, 61 S.Ct. 807, 85 L.Ed. 1135 (1941). The wrongful death statute is remedial and not intended to be punitive. *Baldwin v. Butcher*, 155 W.Va. at 437, 184 S.E.2d at 431.

Without an underlying common-law basis, wrongful death is a legislatively created right. In *Huggins v. Hospital Board of Monongalia County*, 165 W.Va. 557, 270 S.E.2d 160 (1980), this Court held that:

This Court has reasoned that the two-year limitation upon the bringing of an action for wrongful death is *an integral part of the statute itself and creates a condition precedent to the bringing of an action.* The condition is made absolute and, strictly speaking, is not a statute of limitations. The time fixed by the statute creating the right is one of the components entering into the plaintiff's right of recovery.... Once the statutory period expires, there remains no foundation for judicial action. In a proceeding which is barred by the statute of limitations, however, the basis for relief continues, but the use of the means of enforcing it may be barred if the lapse of time is affirmatively asserted for that purpose.... The issue here is whether the action was properly commenced within two years after the death of the appellant's decedent.

*Id.* 165 W.Va. at 560, 270 S.E.2d at 162–63 (emphasis added).

The issue of limitations on an action to file a wrongful death case was initially addressed in *Lambert v. Ensign Manufacturing Co.*, 42 W.Va. 813, 26 S.E. 431 (1896), where this Court held that the bringing of a suit within two years from the death of the person "is made an essential element of the right to sue.... And it is made absolute without saving or qualification of any kind whatever. There is no opening for explanation or excuse. Therefore, strictly speaking, it is not a statute of limitations." *Id.* 42 W.Va. at 817, 26 S.E. at 432. In the syllabus of *Smith v. Eureka Pipe Line Co.*, 122 W.Va. 277, 8 S.E.2d 890 (1940), this Court held that:

The provisions of Code, 55–2–18, covering the right to institute a new action within one year after the entry of an order disposing of a pending action not upon the merits, does not grant that right in an action for death by wrongful act brought under Code, 55–7–5 & 6.

*Smith* noted that there was no right to recover for a wrongful death act until after the British Parliament had passed Lord Campbell's Act in 1846. *Id.* 122 W.Va. at 281, 8 S.E.2d at 892.

In 1973, this Court reaffirmed the holding in *Smith* while discussing the two-year time limitation as a condition precedent to the bringing of an action. In *Rosier v. Garron, Inc.*, 156 W.Va. 861, 199 S.E.2d 50 (1973), we pointed out that:

In the *Smith* case the Court reasoned that the two-year limitation upon the bringing of an action for wrongful death is an integral part of the statute itself and creates a condition precedent to the bringing of an action which bears no relationship to statutes of limitation and contains no language that would justify a joint construction with statutes of limitation.

*Id.* 156 W.Va. at 866, 199 S.E.2d at 53.

Since the two-year limitation in the wrongful death act "bears no relationship to the statute of limitations," then the difference between the wrongful death action and an action for malpractice do not "justify a joint construction" in attempting to extend the filing period in a wrongful death action. As the case discussed above emphasizes, the right to sue for a wrongful death is created purely by statute. The statute cannot be interpreted under com-

mon law, as this Court has allowed in other situations such as malpractice. The wrongful death statute has been amended numerous times, and at no point has the legislature attempted to include any exceptions to the two-year time limitation for filing. Moreover, the plaintiff's contention that the Medical Professional Liability Act, W.Va.Code § 55–7B–1 *et seq.* (1991), supports her case for extension is erroneous.

■ First, the death of Misty Miller occurred before the effective date of the Act, June 6, 1986, and thus, it would not apply. Next, while we concede that the Act addresses both malpractice and actions involving death, it does not supplant the two-year filing period for wrongful death found in W.Va.Code § 55–7–6. Nothing in W.Va. Code § 55–7B–4, which sets forth the limitations for actions brought for "Health care injuries," provides for circumstances involving death cases, although both "injury" and "death" are discussed throughout the rest of the Act:

(a) A cause of action for *injury* to a person alleging medical professional liability against a health care provider arises as of the date of *injury*, except as provided in subsection (b) of this section, and must be commenced within two years of the date of such *injury*, or within two years of the date when such person discovers, or with the exercise of reasonable diligence, should have discovered such *injury*, whichever last occurs: Provided, That in no event shall any such action be commenced more than ten years after the date of *injury*.

\* \* \* \* \* \*

(c) The periods of limitation set forth in this section shall be tolled for any period during which the health care provider or its representative has committed fraud or collusion by concealing or misrepresenting material facts about the *injury*. (Emphasis added.)

It is a well established rule of statutory construction that where the language of a statute is clear and unambiguous, the plain meaning should be accepted without resorting to rules of interpretation. *State ex rel.*

*Underwood v. Silverstein,* 167 W.Va. 121, 278 S.E.2d 886 (1981). The legislature is presumed to intend that every word used in a statute has a specific purpose and meaning. *State ex rel. Johnson v. Robinson,* 162 W.Va. 579, 582, 251 S.E.2d 505, 508 (1979). Conversely, the omission of the word "death" from W.Va.Code § 55–7B–4 must mean that the section applies only to injury cases and the legislature intended W.Va.Code § 55–7–6 to remain the applicable provision for limitations of actions involving wrongful death.

Despite this long and resolute line of case law holding the two-year limitation period a condition precedent to filing suit for wrongful death, we are troubled by the potential inequity in cases where a physician actively conceals malpractice from the decedent's representatives. Such fraud effectively abrogates the purpose of the statutory two-year limitation period in the wrongful death action and creates an intolerable situation. If this Court was to rule that the statute barred a suit filed after the two-year period had elapsed where a physician lied to the decedent's family or representative about the cause of death, then the physician would be free if he could mislead the family until after the two years had run. Such a result is contrary to both the remedial purpose of this statute and · the public policy of this State to provide equity for those injured by the negligence of another. *Baldwin,* 184 S.E.2d at 431; *Rybolt v. Jarrett,* 112 F.2d 642 (4th Cir. 1940); *Panagopoulous v. Martin,* 295 F.Supp. 220 (S.D.W.Va.1969). In *Paul v. National Life Ins. Co.,* 177 W.Va. 427, 352 S.E.2d 550 (1986), we explained "the strong public policy of this State that persons injured by the negligence of another should be able to recover in tort." *Id.* 177 W.Va. at 433, 352 S.E.2d at 556. A situation where a decedent's representative is barred from filing suit against a malfeasor because that person fraudulently concealed the malpractice, and the representative did not discover the negligence until after the two-year period had run, violates the strong public policy of this State.

Our decision to extend the time to file in wrongful death cases, however, is necessarily limited. As discussed above, the two-year filing requirement is legislatively created and we can find no reason to remove that time constraint in normal circumstances. The only portion of W.Va. Code § 55–7–6 which we find to be against the public policy of this State, and thus not limited by the two-year filing period, is when fraud or concealment of material facts surrounding the death is involved. We must extend a note of caution to those who read this opinion. It is not sufficient for a plaintiff to complain that he didn't understand what he was told, or that he did not know enough to do research. If situations such as those were allowed to extend the two-year filing period, then virtually every layperson could claim fraud, misrepresentation, or concealment. Again, the purpose of the statute to act as a time constraint would be destroyed. Instead, only cases where evidence of fraud, misrepresentation, or concealment of material facts is presented will be sufficient to permit an extension. On a practical note, cases filed beyond the statutory two-year time period need only undergo limited discovery on the issue of fraud before a summary judgment motion can be entertained. If it survives summary judgment, then the case proceeds and the issues of fraud and negligence become questions for the jury.

Accordingly, we answer the certified question as follows: The two-year period which limits the time in which a decedent's representative can file suit is extended only when evidence of fraud, misrepresentation, or concealment of material facts surrounding the death is presented.

Certified Question Answered.