64 F.3d 658
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mark PRATER, Administrator of the Estate of Mary Alice
Prater; Mary Alice Prater; Dallas Prater, Jr.;
Sandra Prater Slone, Plaintiffs-Appellants,
v.
NORFOLK & WESTERN RAILWAY COMPANY; Norfolk Southern Railway
Company, Defendants-Appellees.
 No. 95-1099.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1995.
Decided Aug. 18, 1995.
 
 ARGUED: Robert H. Carlton, Williamson, WV, for Appellants. Luke Andrew Lafferre, HUDDLESTON, BOLEN, BEATTY, PORTER & COPEN, Huntington, WV, for Appellees. ON BRIEF: Fred Adkins, HUDDLESTON, BOLEN, BEATTY, PORTER & COPEN, Huntington, WV, for Appellees.
 Before WILKINSON and WILKINS, Circuit Judges, and G. ROSS ANDERSON, JR., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The plaintiffs appeal from the district court's grant of the defendants' motion to dismiss for failure to state a cause of action. The district court held that the West Virginia Wrongful Death Act's two-year limitation on actions bars the suit. The issue before us is whether the two-year time limitation in the West Virginia Wrongful Death Act is tolled when a beneficiary of the suit is a minor at the time the cause of action arises. Based on West Virginia precedent, we hold that the time limitation is not tolled and affirm the decision of the district judge.
 
 
 2
 Mary Alice Prater died on August 27, 1974. Her son Mark Prater, as administrator of her estate, brought this action on August 5, 1994, almost twenty years after her death. The other plaintiffs are also surviving children of the decedent. The defendants assert that the action is time barred because it was not filed within two years of death.
 
 
 3
 The plaintiffs contend that Mark Prater's minority at his mother's death extends the wrongful death act's two-year limitation period. West Virginia Code Section 55-2-15 provides that if a person is a minor when a personal cause of action arises, the limitation period for bringing suit on the action does not begin until the person reaches the age of majority. In West Virginia, only the personal representative of the decedent may prosecute a wrongful death action. See W. Va.Code Sec. 55-7-6(a).
 
 
 4
 The plaintiffs argue that, reading sections 55-2-15 and 55-7-6 together, a personal representative may file a wrongful death action within two years of when the decedent's youngest child reaches the age of majority. They contend that the time limitation in the West Virginia Wrongful Death Act did not begin until Mark Prater became an adult. Mark Prater filed this action within two years of reaching the age of majority; thus, the plaintiffs argue that the action is not time barred.
 
 
 5
 The district court correctly ruled that the minority of a potential beneficiary of a wrongful death action does not toll the West Virginia Wrongful Death Act time limitation. The final paragraph of West Virginia's Wrongful Death Act states that a wrongful death action must be brought within two years of death. The West Virginia Supreme Court of Appeals has consistently held that, absent fraud, the time limit is absolute. See Miller v. Romero, 413 S.E.2d 178 (W.Va.1991).
 
 
 6
 A West Virginia wrongful death action is statutory and does not exist at common law. E.g., id. at 181; Adams v. Groog, 166 S.E.2d 755, 756 (W.Va.1969), overruled on other grounds, Lee v. Comer, 224 S.E.2d 721 (W.Va.1976). The wrongful death statute contains a clause limiting its application to actions filed within two years of the decedent's death. See W. Va.Code Sec. 55-7-6. The two-year limitation is an integral part of the wrongful death statute, and it is a condition precedent to suit rather than a statute of limitations. Miller, 413 S.E.2d at 181; Huggins v. Hospital Bd., 270 S.E.2d 160, 162 (W.Va.1980). Thus, bringing suit within two years of death is an essential element of the cause of action, and, once the statutory period ends, there is no cause of action. Huggins at 163.
 
 
 7
 The plaintiffs' claim fails to state a cause of action because it does not comply with the West Virginia Wrongful Death Act. West Virginia law is clear, and the district court properly declined to certify the question to the state. We affirm the decision of the district court.
 
 AFFIRMED