PETROPLUS, JUDGE:
The Claimant, Huntington Steel and Supply Company, filed a claim in this Court on February 11, 1989, for a Refund of Business and Occupation taxes erroneously paid for the calendar year 1963 in -the amount of $3890.46, and for the calendar year 1964 in the amount of $8325.19, or in the aggregate amount of $12,215.65 for both years. The facts of the case, which are not in dispute, are as follows:
Claimant is a corporation engaged in the business of manufacturing steel products in Huntington, West Virginia, and selling said products at wholesale and retail. Until the year 1949, Returns were filed with the State Tax Commissioner for Business and Occupation taxes classifying said business under the manufacturing and selling classifications, where the rates of taxation are substantially lower than the rate charged for the contracting business classification. Sometime in the year 1949, a field auditor from the office of the State Tax Commissioner called upon the claimant and after inspecting its business operations advised it that its business had been improperly classified and that claimant hereafter would *124 'be required to report under the classification of “Contracting”. Claimant’s corporate officers objected to this ruling and met in Charleston at a conference with the state representatives in charge of the Business and Occupation Tax Division where the findings of the field auditor were confirmed. Thereafter claimant reported its gross receipts as a contractor until the fall of 1968 when another audit -was made by the State, and it was determined and suggested by the State that the claimant’s business was not in the nature of contracting but should have been classified as manufacturing and sales art retail and wholesale. Because of the difference in rates, the audit revealed that taxes had been over-paid for the years 1963 to 1967, inclusive, in a total amount of $30,218.09. Claimant was advised that it was entitled to a refund and in accordance with said advice, filed a Petition for Refund with the State Tax Commissioner under Chapter 11, Article 1, Section 2a of 'the Code of West Virginia, as amended, which reads as follows:
“On iand ¡after the effective date of this section (June 8, 1951), any taxpayer claiming to be aggrieved through being required to pay 'any tax into the treasury of this State, may, within three years from the date of such payment, and not 'after, file with the official or department through which the tax was paid, a petition in writing to have refunded to -him ¡any such tax, or any part thereof, the payment whereof is claimed by him to have been required unlawfully; and if, on such petition, and the proofs filed in support thereof, the official collecting the same shall be of the opinion that the payment of the tax collected, or any .part thereof was improperly required, he shall refund the same to the taxpayer * *
Following the administrative procedures, refund was made to the claimant in the .amount of $18,002.44, in the aggregate for the years 1965, 1966 .and 1967, but claimant was denied a refund for the years 1963 and 1964 on the ground that said refunds were barred 'by the Statute of Limitations of three years set forth in the foregoing Code Section.
The claimant then filed its claim in 'this Court to secure a refund for the years 1963 and 1964 on the ground that it had been misled in 1949 by the field auditor of the State to change the reporting classification, and had been induced to pay taxes in the wrong classification for the ensuing years, not with any *125 intent to deceive or defraud, but by •wrongful interpretation of the law by a state agency. Claimant contends that it was not only unconscionable and inequitable for. the State to collect the additional taxes, but that the State should be estopped from pleading the Statute of Limitations in this case because the representation was made by persons supposedly skilled in interpreting the law and regulations and because the claimant imposed trust and confidence in the judgment of the state agents.
The only issue before the Court is a matter of daw, namely— Is the State of West Virginia estopped to plead the Statute of Limitations because of the mistake, negligence or misconduct of its agents.
■Counsel for the claimant contends that Chapter 14, Article 2, Section 21 of the Code, which Chapter created the Court of Claims, reading as follows:
“The court shall not take jurisdiction of any claim, whether accruing before or after the effective date of this article (July 1, 1967), unless notice of such claim be filed with the clerk •within such period of limitation as would be applicable under article two (Sec. 55-2-1 et seq.), chapter fifty-five of the Code of West Virginia, one thousand nine hundred thirty-one, as amended, if the claim were against a private person, firm or corporation and the constitutional immunity of the State from suit were not involved * * *”
should be interpreted in such a manner as to allow the doctrine of estoppel to be asserted against the State in the same manner as it would be applied if the claim were against a private person, firm or corporation. To put such an interpretation on this provision of the Code, in our opinion, would be unwarranted. We do not think the section was intended to treat the State 'as a private person. The Section deals with the filing of Notice of Claim and states that unless the Notice of Claim is filed with the Clerk within such period of limitations as would be applicable, the Court shall not take jurisdiction of the claim. It would be improper to interpret said Section in a manner that would permit the claim to be treated in all respects 'as a claim against a private person, firm or corporation, and ignore the identity of the State as a defendant. Only *126 constitutional immunity has 'been removed in this State by the Act establishing the Court of Claims. A sovereign State has other defenses and immunities peculiar to itself, which it may assert and which cannot be destroyed by the wrongful conduct of its agents.
It is noit necessary to set forth in this opinion the many cases which hold that a State is not subject to the laws of estoppel or waiver when acting in a governmental capacity and that the State is not bound by contracts which are beyond the scope of the powers of its agents. There are many caveats in dealing 'with a governmental agency, and the conduct of its officers cannot result in the application of the doctrine of estoppel.
If was stated in a former opinion of this Court in the case of Bache & Co., Inc. v. State Tax Commissioner, by Judge Jones, that while the foregoing provision (14-2-21 Code) refers only to limitations applicable under Article 2, Chapter 55 of the Code of West Virginia, the Court considered the intention of the Legislature to be that claims against the State should not be allowed in any case where the Legislature has decreed in other provisions of the Code that claims shall be barred after a specified time has elapsed. It was further stated in said opinion that “to allow this claim would constitute an invasion of the province of the Legislature and would, in effect, set aside ■the legislative will”.
Inasmuch as the administrative procedure for aggrieved (taxpayers seeking refund of Business and Occupation taxes unlawfully, erroneously or mistakenly paid into the Treasury of the State requires a Petition for Refund to be filed .within three years from the date of payment, and the claimant having failed to do so for the years 1963 and 1964, the Court is of the opinion that relief cannot be granted in this case and, accordingly, the claim is disallowed.
Claim disallowed.