# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 14, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID R. PLYMALE,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0025**  (BOR Appeal No. 2049520)
(Claim No. 2004052063)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ELITE COAL SERVICES, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner David R. Plymale, by Julia Callaghan, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1] The West Virginia Office of the Insurance Commissioner, by Noah Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 12, 2014, in which the Board affirmed a May 23, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 19, 2013, decision denying Mr. Plymale's request to reopen his claim for additional permanent partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] On July 9, 2015, this Court received notification that Mr. Plymale is now represented by Dan Hardway.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Plymale sustained injuries to his right hip and lumbar spine on May 14, 2004, when he slipped and fell while exiting a piece of heavy machinery. The claim was initially held compensable for a lumbar sprain/strain, and osteoarthritis of the pelvic/thigh region was subsequently added as a compensable component of the claim. Additionally, Mr. Plymale has undergone a right hip replacement. On June 13, 2005, Mr. Plymale received a 3% permanent partial disability award for the lumbar strain. Following the addition of the right hip as a compensable component of the claim, he received a 10% permanent partial disability award which was later increased to a 30% permanent partial disability award.

Following the compensable injury, Mr. Plymale treated with Jamie Miller, D.O., for right hip and lumbar spine pain. In addition to pain medication, she recommended treatment with the medication Zoloft secondary to depression arising from Mr. Plymale's inability to perform daily functions. On December 16, 2004, the claims administrator granted a request for authorization of the medication Zoloft.

On April 4, 2013, Bobby Miller, M.D., performed a forensic psychiatric evaluation. He diagnosed Mr. Plymale with dysthymic disorder and anxiety disorder, not otherwise specified. He then opined that the May 14, 2004, injury was a major contributor to the psychiatric disorders present and recommended a 6% permanent partial disability award. On July 26, 2013, Mr. Plymale requested that dysthymic disorder and anxiety disorder be added as compensable components of the claim. The claims administrator denied the request to add dysthymic disorder and anxiety disorder as compensable components of the claim; however, the claims administrator's decision denying the addition of the requested diagnoses is not contained in the evidentiary record. On September 19, 2013, the claims administrator denied Mr. Plymale's request to reopen his claim for additional permanent partial disability benefits stemming from his request to add dysthymic disorder and anxiety disorder as compensable components of the claim.

In its Order affirming the September 19, 2013, claims administrator's decision, the Office of Judges held that Mr. Plymale's request to reopen his claim for additional permanent partial disability benefits is time-barred pursuant to West Virginia Code § 23-4-16(a)(2) (2005). The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated December 12, 2014. On appeal, Mr. Plymale asserts that he is entitled to the 6% psychiatric permanent partial disability award recommended by Bobby Miller, M.D.[2]

---

[2]As was noted above, Mr. Plymale is now represented by Mr. Hardway. In addition to the appellate brief filed on Mr. Plymale's behalf by Ms. Callaghan, Mr. Hardway filed a request to present additional authorities pursuant to West Virginia Rule of Appellate Procedure 10(i). Specifically, Mr. Hardway requested that this Court apply the reasoning set forth in *Hammons v. West Virginia Office of the Insurance Commissioner,* 235 W.Va. 577, 775 S.E.2d 458 (2015) and *Sheena H. for Russel H. v. Amfire, LLC,* 235 W.Va. 132, 772 S.E.2d 317 (2015). After reviewing the record, it is apparent that neither the four-part test set forth by this Court in *Hammons* nor the reasoning set forth by this Court in *Sheena H.* is applicable to the facts of the instant appeal.

West Virginia Code § 23-4-16(a)(2) provides that in a claim where an award of permanent impairment has been made, reopening requests must be made within five years of the date of the initial award. The Office of Judges found that the date of the initial permanent partial disability award in the instant claim was June 13, 2005, and that pursuant to West Virginia Code § 23-4-16(a)(2), Mr. Plymale had until June 13, 2010, to request a reopening of his claim for additional permanent partial disability benefits. Mr. Plymale's 2013 request to reopen his claim for additional permanent partial disability benefits occurred approximately three years after the expiration of the statutorily prescribed time frame. Moreover, the Office of Judges noted that the diagnoses from which the request to reopen the claim stems, namely dysthymic disorder and anxiety disorder, have never been added as compensable components of the instant claim. Finally, the Office of Judges noted that although the record clearly shows that Mr. Plymale was diagnosed with depression in 2004, he failed to offer a sufficient explanation as to why he did not submit a request to add a psychiatric diagnosis to the instant claim until 2013. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 14, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II