# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS E. STALNAKER,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0637** (BOR Appeal No. 2051021)
(Claim No. 2014025520)

**TOWN OF MABSCOTT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas E. Stalnaker, by Michael E. Froble, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Respondent, Town of Mabscott, by Jeffrey B. Brannon, its attorney, filed a timely response.

The issue on appeal is the compensability of the claim. The claims administrator rejected the claim on May 19, 2014. The Office of Judges reversed the decision in its December 3, 2015, Order. The Order was then reversed and vacated by the Board of Review on June 8, 2016, and the claims administrator's decision was reinstated. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Stalnaker, a police officer trainee, was injured while exercising at the police academy on July 23, 2013. He sought treatment the next day from A. E. Landis. Dr. Landis's treatment note indicates Mr. Stalnaker was treated for an injury to his right knee which occurred the day before at the police academy. He reportedly slipped while getting up from doing a pushup. Dr. Landis had previously seen Mr. Stalnaker for left knee problems and symptoms related to degenerative arthritis as well as a total hip replacement on the left side. He had no pre-existing right knee injuries but has had problems with it at times due to his significant degenerative arthritis. At the time of examination Mr. Stalnaker had right knee pain, swelling, and stiffness.

1

He was walking with a limp. An x-ray of the right knee showed moderate degenerative changes, moderate effusion, and irregularity of the femoral notch and tibial spines. Dr. Landis diagnosed right knee sprain with underlying degenerative changes. A West Virginia State Police Academy report of injury was also completed that day. Dr. Landis indicated on the form that Mr. Stalnaker sprained his knee at work and was on restricted duty.

On July 29, 2013, Dr. Landis saw Mr. Stalnaker for bilateral knee complaints. The right knee was found to have degenerative changes with contusions/sprains aggravating the arthritis. Draining and injecting the right knee improved the symptoms. The left knee also showed degenerative changes and was swollen and tender. On August 21, 2013, Dr. Landis completed a request for medical treatment form with the proper claims administrator's logo, on top.[1] Dr. Landis stated that Mr. Stalnaker was injured while doing pushups. He diagnosed a right knee sprain and placed him on restricted duty until July 29, 2013.

Mr. Stalnaker's attorney wrote a letter to the claims administrator on February 19, 2014, stating that Mr. Stalnaker was injured on July 23, 2013, in a work-related incident and that he informed his supervisor, Eddie Vaught, of the injury on that day. The letter alleges that the employer refused to turn in his workers' compensation form for processing and refused to pay for medical services with Dr. Landis. Mr. Stalnaker's attorney further asserts that the Mayor/Police Chief's secretary informed Dr. Landis that the Mayor/Chief was not going to sign the employee's report of injury and would not let the claim proceed. Mr. Stalnaker's attorney alleges the employer violated West Virginia Code §23-4-1b (2005) because it did not notify the claims administrator of the injury within five days. The attorney alleged that Mr. Stalnaker repeatedly tried to speak with Mayor/Chief Houck but he refused to speak with him. Finally, Mr. Stalnaker appeared at a town council meeting, resigned his position with the Town of Mabscott, and again asked for the name of the proper claims administrator. He was told it was Berkeley Mining. Mr. Stalnaker was unable to find information regarding Berkeley Mining Insurance. As a result, he contacted the West Virginia Insurance Commissioner's Office to determine who the insurer was. Mr. Stalnaker's attorney asserts that the employer fraudulently withheld a valid claim from being processed and requested that the claim be processed despite being filed after the passing of the six month time frame.

The claims administrator sent a letter to Mr. Stalnaker's attorney on March 7, 2014, informing him that a report of injury was not received and explained that it was unable to process the claim until it received the form. Mr. Stalnaker completed his section of the report of injury on March 28, 2014, indicating he injured his right knee on July 23, 2013, while doing pushups. The physician's section was blank.

Treatment notes by Dr. Landis dated April 20, 2014, indicate Mr. Stalnaker had right knee pain, swelling, and tenderness. The knee had trace effusion and full range of motion with minimal crepitation. X-rays were unchanged. Dr. Landis diagnosed contusion/sprain of the right knee, which had resolved, with pre-existing, moderate degenerative changes. Dr. Landis opined that there may be some progression of the degenerative changes related to the injury but the

---

[1] The record indicates that Traveler's Insurance is the proper claims administrator in this case.

current symptoms were primarily the result of pre-existing arthritis. On April 29, 2014, Dr. Landis completed the physician's section of the report of injury. The claims administrator rejected the claim on May 19, 2014.

On May 15, 2015, Mr. Stalnaker testified in a deposition that his employer intentionally misled him to believe that Travelers Insurance was not the employer's insurance carrier and that the Mayor/Chief, his employer, refused to cooperate with his application process. Mr. Stalnaker testified that he was injured on July 23, 2014, and immediately informed the State Police Academy and his supervisor, Edward Vaught, of the injury. He initially completed an application with Travelers Insurance but was then told by the Mayor/Chief's secretary that the employer was insured by Beckley Mining Insurance. Mr. Stalnaker stated that when he saw Dr. Landis he was told that the doctor's office would fill out the forms and send them to the employer. The Mayor/Chief's secretary then informed Mr. Stalnaker that he needed to fill out different forms. He took the forms to Dr. Landis and was told by his office that Mayor/Chief Houck refused to submit the claim because the injury was not reported within twenty-four hours. Mr. Stalnaker then submitted a form to Beckley Mining Insurance and it was denied. He then contacted the insurance commission who indicated that there was no such thing as Beckley Mining Insurance. Mr. Stalnaker alleges he was misled by the employer because the Mayor/Chief dislikes workers' compensation claims.

On May 15, 2015, Edward Vaught testified in a deposition that he was Mr. Stalnaker's supervisor and it was his duty to report an injury to the Town's secretary and the Mayor/Chief himself. Mr. Stalnaker contacted him on the date of injury and informed him that he had injured his right knee. Mr. Vaught stated that Mr. Stalnaker did not request information about the correct insurance carrier on the date of injury. Mr. Vaught said it was his belief that the employer was responsible for reporting the injury to the insurance carrier. Mr. Vaught stated that when he told the Mayor/Chief of the injury, the response was not positive. He asserted that the Mayor/Chief made comments which indicated he did not want Mr. Stalnaker to make it through the police academy. No other officers were injured while he worked for the employer and that was the only injury he reported to the Town's secretary and the Mayor/Chief.

The Office of Judges reversed the claims administrator's decision on December 3, 2015, and held the claim compensable for right knee sprain. The Office of Judges found that Mr. Stalnaker argued the employer intentionally misled him to believe that the employer had a different insurer other than Traveler's Insurance, the correct insurer. In support of his allegation, he submitted a managed healthcare plan request and medical treatment form filled out by Dr. Landis on August 21, 2013, on Travelers Insurance letter head. He then took the form to the employer and was told that Travelers was not the correct insurer. He also alleges that the employer failed to cooperate with the application process because it disfavored workers' compensation claims. In support, he submitted Mr. Vaught's deposition. Lastly, Mr. Stalnaker alleges the employer violated West Virginia Code 23-4-1b (2005) by not reporting the injury to the claims administrator within five days of the employee giving notice. The employer asserted that Mr. Stalnaker had some knowledge that Travelers Insurance was the right insurance company and that he relied on others to process his application, which is not an excuse to miss the six month time frame. The Office of Judges found that the employer offered no evidence

3

disputing Mr. Stalnaker's allegations that the employer misled him about the correct insurer and refused to cooperate with the application process.

The Office of Judges found that Mr. Stalnaker offered unrefuted evidence that he was instructed by the employer to disregard a claim document that was addressed to the proper claims administrator in August of 2013, and was told to file with another insurer. The Office of Judges concluded that though the form was not a report of injury, had Mr. Stalnaker filed the form with Travelers Insurance in August of 2013, a dialogue would most likely have been established, increasing the chances of him filing the report of injury within the six month time frame.

The Office of Judges found that a preponderance of the evidence shows the employer obstructed the claim filing process. All employers are required to identify the name, address, and phone number of its workers' compensation insurer. Notice of the information must be posted on the premises. West Virginia Code §23-2C-15(c) (2003). Employers are further required to inform their insurer within five days of notice of an employee's workplace injury. West Virginia Code §23-4-1b. The Office of Judges rejected the employer's argument that the burden remained on Mr. Stalnaker to file a claim despite intentional misconduct by the employer. Normally it is the claimant's burden to file a claim with the insurer and not rely on the employee to forward the application. However, in this case, the filing process was obstructed by the employer. The Office of Judges found that the West Virginia Supreme Court of Appeals has carved out exceptions to the statutory time limits for equitable purposes. *See Hammons v. West Virginia Office of the Insurance Commissioner,* 235 W. Va. 577, 775 S.E.2d 458 (2015) and *Sheena H. ex rel. Russell H. ex rel L.H. v. Amfire, LLC,* 235 W. Va. 132, 772 S.E.2d 317 (2015). Since the employer intentionally obstructed the filing process, the Office of Judges held that it was prohibited from using the six month filing limitation as a defense. The Office of Judges found that Mr. Stalnaker also proved by a preponderance of the evidence that he sustained a right knee sprain in the course of and resulting from his employment.

The Board of Review reversed and vacated the Office of Judges' Order and reinstated the claims administrator's decision rejecting the claim on June 8, 2016. The Board of Review found that Mr. Stalnaker signed a report of injury on March 28, 2014. Dr. Landis signed it on April 29, 2014, and the claims administrator received it on May 15, 2014. Regardless of the date selected, the report of injury was submitted after the six month time limitation ran out. Therefore, the claim was rejected.

After review, we disagree with the reasoning and conclusions of the Board of Review. Though Mr. Stalnaker did technically submit the report of injury to the proper claims administrator after the six months statute of limitations ran, there is compelling evidence that the employer intentionally misled him regarding the proper claims administrator. The employer's obstruction of the claim process, in this case, merits an exception to the statute of limitations. This Court has previously carved out exemptions to the statute of limitations when equity demanded. We find that in this case, justice demands that Mr. Stalnaker's application be approved.

4

For the foregoing reasons, we find that the decision of the Board of Review is based upon erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions to hold the claim compensable for a right knee sprain.

Reversed and remanded.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker