IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

GORDON MARTIN,
Claimant Below, Petitioner

**FILED**
**September 5, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 23-ICA-120          (JCN: 2023001857)

FOOD LION, INC.,
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Gordon Martin appeals the February 28, 2023, order of the Workers' Compensation Board of Review ("Board"). [1] Respondent Food Lion, Inc., did not file a response or an appearance in the case. Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order rejecting Mr. Martin's claim as untimely filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By order dated July 26, 2022, the claim administrator denied Mr. Martin's claim as untimely filed. In the order, the claim administrator noted its receipt of Mr. Martin's WC-1 Employees' and Physicians' Report of Occupational Injury form, which indicated a date of injury of October 7, 2021. The claim administrator found that Mr. Martin did not file his associated workers' compensation claim until May 17, 2022, which was outside the six-month statute of limitations for filing such claims. Mr. Martin protested and submitted only the July 26, 2022, order in support of his protest.

By order dated February 28, 2023, the Board affirmed the claim administrator's order denying the claim on the basis that it was untimely filed. The Board cited to West Virginia Code § 23-4-15(a) (2010), which provides:

> To entitle any employee or dependent of a deceased employee to compensation under this chapter . . . the application for compensation shall be made . . . within six months from and after the injury or death, as the case

---

[1] Mr. Martin is self-represented. Food Lion did not appear.

1

may be, and unless filed within the six months period, the right to compensation under this chapter is forever barred, such time limitation being hereby declared to be a condition of the right and hence jurisdictional[.]

The Board further noted that the West Virginia Supreme Court of Appeals ("WVSCA") has recognized certain circumstances in which an employee's failure to timely file an application for workers' compensation benefits may be excused. *See Baker v. Ctr. Foundry Mach. Co.*, No. 17-0749, 2018 WL 2261275, at *5 (W. Va. May 17, 2018) (memorandum decision) (noting that an employee's failure to timely file an application for workers' compensation benefits may be excused when "the failure was caused by the employer or its insurance carrier misleading the employee to believe that filing an application is not necessary"); *Blue Flame Pipeline, LLC v. Thomas*, No. 20-0291, 2021 WL 2577518 (W. Va. June 23, 2021) (memorandum decision) (noting that an employee's failure to timely file an application for workers' compensation benefits may be excused when the employer and the insurance carrier had actual notice of the employee's injury such that the employee has reason to believe that he has established a claim and entitlement to benefits).

However, the Board found that Mr. Martin failed to establish either of these excuses as the basis for his late filing. Accordingly, the Board found that Mr. Martin failed to timely file his claim within the six-month statute of limitations and affirmed the claim administrator's denial of the claim. Mr. Martin now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

2

On appeal, Mr. Martin argues that his claim should not have been denied on the basis that it was untimely filed when his managers failed to file the application because each thought the other had done so. Mr. Martin further argues that he received a workers' compensation prescription card, leading him to believe the claim had been processed and was accepted.

Upon review, we find no error in the Board's findings rejecting Mr. Martin's claim as untimely filed. As noted above, West Virginia Code § 23-4-15(a) requires that a claim for workers' compensation benefits (other than occupational pneumoconiosis or other disease) be filed within six months of the date of the injury. The WVSCA has held that "the six-month time limitation in West Virginia Code § 23-4-15(a) is jurisdictional and a condition of the right to compensation under the Workers' Compensation Act." *Sheena H. ex rel. Russell H. v. Amfire, LLC*, 235 W. Va. 132, 138, 772 S.E.2d 317, 323 (2015). Moreover, "the language of the Workers' Compensation Act evidences an intent to limit a claimant's ability to file for benefits . . . subject to strict time limitations. Such language is necessary to bar frivolous or outdated claims." *Id.*, 235 W. Va. at 138 n.4, 772 S.E.2d at 323 n.4.

While Mr. Martin argues that his managers were at fault for failing to file his claim and that he was led to believe it had been processed and accepted, he failed to make any arguments or introduce any evidence before the Board below supporting his arguments. On appeal, Mr. Martin attempts to cite to a prescription card, but this prescription card was not submitted before the Board below and, thus, will not be considered by this Court on appeal. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (per curiam). Here, Mr. Martin filed an application for benefits seven months after the alleged injury and, thus, his claim was properly rejected as untimely filed under the statute of limitations set forth in West Virginia Code § 23-4-15(a). Accordingly, we affirm the Board's February 28, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen