IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ECM ENERGY SERVICES, INC.,**
**Employer Below, Petitioner**

FILED
**May 1, 2026**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-345**          (JCN: 2024017591)

**ETTA SPENCER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ECM Energy Services, Inc. ("ECM") appeals the September 18, 2025, Order of the Workers' Compensation Board of Review ("Board"). Respondent Etta Spencer timely filed a response.[1] ECM filed a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected Ms. Spencer's claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed.

Ms. Spencer, a traffic controller, completed an undated Employees' and Physicians' Report of Occupational Injury or Disease form ("WC-1"), which indicated that she sustained injuries to her right shoulder, rib cage, and lower back on December 31, 2023, when she slipped on a "4 x 4" and fell face down on the ground. The physicians' section of the form was completed by a representative from Dawn Injury and Wellness Center on February 10, 2024. Per the physician's section, Ms. Spencer sustained injuries to her cervical, right shoulder, right hip, lower back, and ribs on the right side as a direct result of an occupational injury.

Ms. Spencer submitted an ECM Medical Refusal Form V2, dated January 1, 2024, stating that on December 31, 2023, she stepped on a 4x4 timber, slipped, and fell to the ground. Ms. Spencer sustained pain in her right knee, hip, and lower back. Ms. Spencer

---

[1] ECM is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq. Ms. Spencer is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

attempted to report the incident to the employer via text message, but due to her location the text did not go through. After her shift, the text went through as she drove home. Her employer instructed her to wait for a supervisor at the work site so that a medical refusal could be acknowledged before she left for the day. However, Ms. Spencer was not willing to turn around and go back to the work site. On January 1, 2024, Ms. Spencer advised the employer that her knee, hip, and lower back pain were gone, but that she was having pain in her right shoulder and forearm.

Ms. Spencer was seen by Callie Rader, D.C., at Dawn Wellness on February 9, 2024, and presented with pain in her right shoulder, right upper thoracic, cervical, right ribs and trunk, and right lower back/sacral iliac area. Dr. Rader noted that Ms. Spencer slipped and fell over a 4x4 into gravel while at work on December 31, 2023. Dr. Rader assessed sprain of the right shoulder ligament; sprain of other parts of the lumbar spine and pelvis; segmental and somatic dysfunction of the pelvic region, sacral region, lumbar region, cervical region, head region, thoracic region, and rib cage; sprain of the cervical spine; and pain in the right hip.

On February 19, 2024, Ms. Spencer followed up with Dr. Rader and reported that she was feeling better since her last visit but that she still had upper thoracic pain with right flank tenderness, medial scapular pain in the right shoulder, and cervical stiffness. Ms. Spencer indicated that her symptoms were aggravated when she bends, lifts, sits, and walks. Dr. Rader assessed sprains of the right shoulder ligament, lumbar spine, cervical spine, and pelvis; segmental and somatic dysfunction of the pelvic, sacral, lumbar, cervical, head, and thoracic regions; and pain in the right hip. Dr. Rader noted that inferential therapy was used to increase Ms. Spencer's blood flow.

On April 2, 2024, ECM completed a First Report of Injury or Illness. ECM informed its claim administrator that Ms. Spencer reported a work injury on December 31, 2023, which involved a slip and fall injury to her right lower back, shoulder, hip, and ribs. By correspondence dated April 5, 2024, the claim administrator advised Ms. Spencer that it had received a report of her incident, but that she and the physician who provided initial care must complete the WC-1 form.

Tara Newman, the Lead Resolution Manager who was responsible for administering Ms. Spencer's claim, completed an affidavit dated September 24, 2024. In the affidavit, Ms. Newman stated that the claim administrator received notice of the claim from ECM on April 2, 2024. According to Ms. Newman, she spoke to Ms. Spencer on April 3, 2024, at which time Ms. Spencer admitted that she did not file the claim at the time of the accident and did not seek treatment for her injuries until the end of January or beginning of February 2024, after her employment with ECM had been terminated for reasons unrelated to the claim. Ms. Newman recalled that Ms. Spencer's claim was denied by order dated April 15, 2024, on the grounds that no WC-1 form had been received, Ms. Spencer refused medical treatment at the time of the incident, no medical records had been received, and her

employment had since been terminated. The claim administrator first received Ms. Spencer's WC-1 form on September 18, 2024, which was signed but undated.

By order dated July 29, 2025, the Board reversed the claim administrator's order and held Ms. Spencer's claim timely and compensable. The Board found that the claim administrator and employer had notice of the December 31, 2023, injury within the six-month statutory period. The Board also found that Ms. Spencer established by a preponderance of the evidence that she sustained an injury in the course of and resulting from her employment. On September 4, 2025, this Court issued an order remanding the claim to the Board with the limited purpose of issuing a corrected order with respect to the employer's name. The Board issued a Corrected Order dated September 18, 2025, which corrected the employer's name to ECM Energy Services, Inc. It is from this order that ECM now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, ECM argues that the Board's decision is clearly wrong because there was no WC-1 form filed within six months of Ms. Spencer's injury, and therefore the Board lacked jurisdiction to hold the claim compensable. Further, ECM asserts that Ms. Spencer failed to provide the employer with written notice of the injury, and that she only reported the injury after her employment with ECM was terminated. We agree that because Ms. Spencer did not file a WC-1 form within six months of her injury, the Board lacked jurisdiction to hold the claim compensable.

West Virginia Code § 23-4-15(a) (2010) provides a time limitation for filing a workers' compensation claim for benefits as follows:

> To entitle any employee or dependent of a deceased employee to compensation under this chapter. . .the application for compensation shall be made on the form or forms prescribed by the Insurance Commissioner, and filed with the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, within six months from and after the injury. . . , and unless filed within the six months period, the right to compensation under this chapter is forever barred, such time limitation being hereby declared to be a condition of the right and hence jurisdictional,. . . .In case the employee is mentally or physically incapable of filing the application, it may be filed by his or her attorney or by a member of his or her family.

Here, the Board found that Ms. Spencer reported the incident to the employer by text, and that she advised her supervisor that she was having pain in her right shoulder and forearm following the incident. Further, the Board noted that ECM filed a First Report of Injury with the claim administrator on April 2, 2024. Thus, the Board found that the evidence establishes that the employer and claim administrator had notice of the December 31, 2023, injury within the applicable six-month period and that the claim administrator engaged in "affirmative action" to determine whether Ms. Spencer was eligible for benefits. Based on the foregoing, the Board determined that Ms. Spencer's claim was timely filed.

Upon review, we find that the Board was clearly wrong in finding Ms. Spencer's claim was timely filed and compensable. The Supreme Court of Appeals of West Virginia ("SCAWV") has previously held that "the six-month time limitation in West Virginia Code § 23-4-15(a) is jurisdictional and a condition of the right to compensation under the Workers' Compensation Act." *Sheena H. ex. rel Russell H. ex rel. L.H. v. Amfire, LLC*, 235 W. Va. 132, 138, 772 S.E.2d 317, 323 (2015). Moreover, in *Baker v. Ctr. Foundry Machine Co.*, No. 17-0749, 2018 WL 2261275, at *5 (W. Va. May 17, 2018) (memorandum decision), the SCAWV held that "[t]he failure of an employer or claims administrator to provide information on how to file a workers' compensation claim, by itself, is not an excuse for an employee's failure to timely apply for workers' compensation benefits." In *Sahaj Morgantown, LLC, v. Sapp*, No. 22-ICA-93, 2023 WL 152152 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision), this Court applied these principles and concluded that where a claimant's application is time barred, the Board is without jurisdiction to consider the matter.

Thus, we find that it was incumbent on Ms. Spencer to file a completed application for compensation within six months of her injury to preserve her right to apply for compensation as provided by West Virginia Code § 23-4-15(a). The record establishes that

4

although Ms. Spencer was injured on December 31, 2023, she did not file her WC-1 form with the claim administrator until September 19, 2024. Notice to the employer is not sufficient to meet the six-month period to file a WC-1 form as set forth in West Virginia Code § 23-4-15(a).

In summary, we conclude that Ms. Spencer's WC-1 application was time-barred by West Virginia Code § 23-4-15(a), and that the Board was without jurisdiction to consider the matter and exceeded its statutory authority by finding that the claim was timely filed and compensable.

Accordingly, we reverse the Board's September 18, 2025, order.

Reversed.

**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White